UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

---------------------------------------------------------------------X
**JACOB DOE**

                        **Plaintiff,**

  **-against-**                                                 No. 1:23-cv-00041

**THE UNIVERSITY OF NORTH CAROLINA
SYSTEM, et al.**

                        **Defendants.**
---------------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff Jacob Doe (hereinafter referred to as "Plaintiff, "Jacob Doe" or "Doe"), by and through his attorneys, Nesenoff & Miltenberg, LLP and Ekstrand and Ekstrand, LLP, hereby seeks an Order granting permission to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. The University of North Carolina at Chapel Hill ("UNC"), expelled Jacob Doe after finding him responsible for sexual misconduct following a biased and unfair administrative process involving investigations and hearings of complaints that were filed by four female students who targeted Doe and conspired to ruin his reputation. Without any investigation, the University of North Carolina immediately suspended Doe and failed to consider or give Doe the opportunity to refute the shear falsity and absurdity of the claims, some of which were insupportable and withdrawn by the complainants at least six months before a hearing, but nonetheless considered throughout the administrative process and the resulting sanctions. After several

flawed hearings, Doe was erroneously found responsible on two of the complaints, one for violating UNC's Policy on Prohibited Sexual Harassment Under Title IX ("PPSH") and one for violating UNC's policy on prohibited discrimination, harassment and related misconduct ("PPDHRM"), resulting in a sanction of expulsion.

Doe is seeking to have the erroneous findings and sanction reversed and removed from his record, along with other relief. In light of the highly sensitive and personal nature of the allegations in the Verified Complaint, mainly involving claims of sexual misconduct, Plaintiff is justifiably concerned about the potential irreparable harm, not only to his reputation, but also to his livelihood, in that this information, if revealed, will prevent him from continuing his education and obtaining gainful employment. Plaintiff should be allowed the opportunity to clear his name without further sullying his reputation by allowing public access to his identity, or the identity of his accusers. Accordingly, Plaintiff respectfully moves for leave to proceed under the pseudonym "Jacob Doe" and to identify his accusers as "Jane Roe 1, Jane Roe 2, Jane Roe 3, Jane Roe 4" in this action.

## STATEMENT OF FACTS

The statement of facts pertinent to this motion is provided in the simultaneously filed Verified Complaint and the attached Declaration of Robert C. Ekstrand, Esq. ("Ekstrand Decl."), which together detail the highly sensitive nature of the matter involving false and insupportable accusations of sexual misconduct, resulting in an egregious miscarriage of justice committed against Plaintiff by UNC throughout the administrative process. These sensitive facts, it is respectfully submitted, satisfy the legal criteria for filing and proceeding under a pseudonym.

# ARGUMENT

While the Federal Rules of Civil Procedure require that the complaint "include the names of all the parties," and that an action be prosecuted "in the name of the real party in interest," the decision whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. Fed. R. Civ. P. 10(a), 17(a)(1); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has recognized that in "appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James v. Jacobson*, 6 F.3d at 238.

Federal law recognizes the importance of maintaining confidentiality of university student records, and imposes certain requirements on those receiving federal funding, including UNC. Specifically, the Family Educational Rights and Privacy Act ("FERPA") prohibits schools from disclosing student educational and disciplinary records without the student's consent. 20 U.S.C. § 1232(g). In fact, the First Circuit recently held that courts "cannot ignore the background confidentiality regime in assessing the circumstances relevant to a request for pseudonymity," as the public has "an abiding interest in ensuring that the values underpinning the confidentiality protections imposed by FERPA and Title IX are not subverted by collateral attacks in federal court." *Doe v. Mass. Inst. Of Tech.,* 46 F.4th 61, 76 (1st Cir. 2022).

Thus, many courts, including those in the Fourth Circuit, have held under similar circumstances that a party may proceed anonymously. *Painter v. Doe*, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) (stating that allegations of sexual misconduct are sufficiently sensitive and personal to support proceeding under a pseudonym); *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 (W.D. Va. Mar. 29, 2022); *Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016) (allowing plaintiff accused of sexual assault to proceed under pseudonym); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing the alleged perpetrator and victim of sexual assault to proceed under fictitious names); *Doe v. Univ. of Denver,* 2018 WL 1304530 (D. Colo. Mar. 13, 2018); *Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016)*; Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir. 2000)).

This is so because "[t]he crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders on the underlying constitutional issue." *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2018 WL 5929647, at *2 (W.D. Va. Nov. 13, 2018) (internal citations omitted).

The Fourth Circuit set out a non-exhaustive five-part test to consider when a plaintiff requests to proceed under a pseudonym. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The factors to be considered are: (1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) whether there is a risk of unfairness to the opposing party in granting the motion. *Id.* (citations omitted).

I. **<u>Allegations of Sexual Assault Are a Highly Personal and Sensitive Matter</u>**

The underlying facts in this case relate mainly to allegations of sexual misconduct brought by four female students against the Plaintiff. Ultimately, Doe was erroneously found responsible on two of the four complaints and expelled from UNC. Doe seeks to minimize the harm of UNC's wrongful determinations that he engaged in any sexual misconduct, and to prevent further harm. Requiring Doe to proceed under his real name,

or disclose the names of his accusers, would cause the precise harm that he seeks to avoid and presumably his accusers would also choose to avoid.

In light of the nature of this case, private and intimate details regarding the lives of Doe and the four female students will be at issue. Moreover, the reason for bringing the lawsuit is to restore Doe's good name. If Doe is required to disclose his identity in this litigation, and UNC's actions are found to be unconstitutional, the harm would already be done. Doe's name will forever be publicly associated with allegations of gender-based misconduct, specifically, sexual misconduct. For these reasons, courts have routinely found that in cases involving allegations of this nature, the parties should be allowed to proceed under pseudonym. *See Doe v. Virginia Polytechnic Inst. & State Univ.,* 2020 WL 1287960 at *3 (W.D. Va. Mar. 18, 2020 (allegations of sexual assault involve sensitive and highly personal facts that can invite harassment and ridicule and weighs heavily in favor of allowing a plaintiff to proceed by pseudonym); *George Mason Univ.*, 179 F. Supp. 3d at 592-94; *Painter v. Doe*, 2016 WL 3766466, at *6.

Since the interests at play here are of a highly sensitive nature, this factor weighs heavily in favor of anonymity. Doe is seeking in this litigation to have his good name restored. If his name is disclosed, then he can never be made whole because this sensitive and prejudicial information will be published in the public arena and the damage will have been done.

## II. The Identification of Doe Poses Potential Retaliatory Physical and Mental Harm

The second factor likewise weighs in Doe's favor. If his identity is disclosed, Doe could be targeted for retaliatory physical or mental harm based solely on the accusation of sexual misconduct. *George Mason Univ.*, 179 F. Supp. 3d at 593. Moreover, UNC affords anonymity to both accusers and accused *during the pendency* of disciplinary proceedings.[1] There is no reason to lift this veil of anonymity now simply because UNC erred and forced Doe to resort to federal litigation to clear his name.

Anonymity in this proceeding is even more crucial in this case because of the recent North Carolina Supreme Court decision in *DTH Media Corp. v Folt*, 841 S.E.2d 251 (N.C. 2020), *cert denied*, 141 S.Ct 1126 (2021), holding that the public and the media are entitled under the Public Records Law to limited disclosure of "final outcomes" of school administrative proceedings, which include the name of the student, the violation committed and any sanction imposed by the institution on that student. Public disclosure of this information would make it easy to Google the Plaintiff's name and learn of the highly sensitive facts of this case, the false accusations, and the names of Plaintiff's accusers, all of which is information that is protected under FERPA and not subject to disclosure under the Public Records Law. The ease by which non-public information would be available

---

[1] FERPA prevents institutions that receive federal funding from releasing student's educational records without their consent. 20 U.S.C. § 1232g(b)(1).

makes the protection of Plaintiff's identity, the identity of the four female students, and the sensitive facts, a necessity.[2]

Under the current social climate, there is no doubt that accusations of sexual misconduct are sufficient to tarnish a reputation. It does not matter that the accused has not been convicted of a crime. In this instance, UNC erroneously and callously found Doe responsible for violations of Title IX and UNC's PPDHRM, and even if this Court finds that Doe was not afforded due process, that does not change the damage done if his request for anonymity is denied. Should Doe be permitted to return to UNC to finish his education, the reputation created by UNC's wrongful determinations would precede him and it would jeopardize his safety and place him at risk for unwarranted retribution. Having to live with this public reputation would be detrimental to Doe's physical and mental health.

Moreover, it would be harmful to publicize the names of the female accusers as it would subject them to "unwanted scrutiny, harassment and ridicule." *See Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 at *2. Therefore, this factor also weighs in favor of anonymity.

### III. Doe and Jane Roes 1-4 Are All Young Adults

Doe was in his Freshman and Sophomore year of college at the time of the alleged misconduct. The female students were also Freshmen and/or Sophomores at the time of the alleged misconduct. While they are young adults, some courts have stated that being

---

[2] Plaintiff is also seeking a TRO and preliminary injunction to prevent release of the information subject to disclosure under the Public Records Law, as determined by *DTH Media Corp. v Folt*, 841 S.E.2d 251 (N.C. 2020), *cert denied*, 141 S.Ct 1126 (2021), until such time as a final determination is reached in this litigation.

over eighteen years old should not be held against a college student seeking anonymity. *Yacovelli v. Moeser*, 2004 U.S. Dist. LEXIS 9152, *24 (M.D.N.C. May 20, 2004). While this factor alone does not weigh towards providing anonymity, it does not weigh against it either.

**IV.     The Lawsuit Is Against Both Government and Private Parties**

When a plaintiff challenges the government, courts are more likely to allow him or her to proceed under a pseudonym than in cases involving private parties, since actions against private individuals may harm their reputations. *Yacovelli,* 2004 U.S. Dist. LEXIS 9152, *8; *Painter*, 2016 WL 3766466, at *6; *Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 at *3 (Courts are more likely to permit a plaintiff to proceed under a pseudonym in actions against the government because government entities typically do not involve injury to reputation). Here, UNC and several of its employees are named as Defendants. The Individual Defendants engaged in work for the governmental entity and are being sued in their official and individual capacities. Because the Individual Defendants are government employees, there is much less concern than there would be with merely private individuals.

There is also a public interest in state activity, including activity that violates constitutional principles. That interest is advanced not only by this litigation proceeding, but also by protecting the identities of Doe and Jane Roes 1-4. The only information that the public needs regarding Doe and Jane Roes 1-4 is that they were all students at UNC. There is no public interest in learning the identities of Doe or Jane Roes 1-4 through this

9

litigation; it is sufficient that the underlying facts and legal claims are public. Therefore, this factor is neutral, at worst, and at best, favors proceeding under a pseudonym.

### V. There Is No Risk of Unfairness to Defendants

Allowing Doe to proceed under a pseudonym will not inhibit the Defendants from defending themselves against the allegations raised by Doe in this suit. UNC is well aware of Doe's and Jane Roe 1-4's identities, as it conducted multiple investigations, hearings and appeals during which their identities were disclosed. Therefore, permitting Doe and Jane Roes 1-4 to remain anonymous will not result in any prejudice to Defendants. This factor also weighs against revealing Doe and Jane Roe 1-4's identities to the public.

## CONCLUSION

The Court should allow Doe and Jane Roes 1-4 to proceed anonymously because of the highly sensitive and private nature of the issues before the Court, and the lack of prejudice to Defendants. Therefore, Jacob Doe requests that he be allowed to proceed under a pseudonym for the duration of this litigation.

Respectfully submitted this 15th day of February, 2023, by:

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff*

**By:** */s/ Andrew Miltenberg*
Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Tara J. Davis, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com

sbernstein@nmllplaw.com
tdavis@nmllplaw.com
*Pro hac vice forthcoming*

-and-

**EKSTRAND AND EKSTRAND, LLP**

**By:** /s/ *Robert Ekstrand*
Robert C. Ekstrand, Esq.
N.C. Bar No. 26673
110 Swift Avenue, 2nd Floor
Durham, North Carolina 27705
(919) 416-4590
rce@ninthstreetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record; and, further, I certify that the foregoing will be served along with the summons and complaint on all parties.

**By:** /s/ *Robert Ekstrand*
Robert C. Ekstrand, Esq.