# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00041-MR-WCM

| | |
|---|---|
| JACOB DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THE UNIVERSITY OF NORTH ) | |
| CAROLINA SYSTEM, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's <u>Ex Parte</u> Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction [Doc. 4].

The Plaintiff filed this civil action on February 15, 2023, seeking a reversal of his permanent expulsion from The University of North Carolina System ("UNC") and asserting claims for procedural due process violations under 42 U.S.C. § 1983, violation of Title IX of the Education Amendments of 1972, breach of contract, and other state law claims. [Doc. 1]. At the same time, the Plaintiff filed a motion for a temporary restraining order and a preliminary injunction: (i) prohibiting the Defendants from releasing or disclosing any information concerning the disciplinary proceedings that are

the subject of the lawsuit; (ii) requiring the Defendants to direct all individuals over whom they exercise control to refrain from publishing or disclosing any information concerning the Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings; and (iii) requiring UNC to inform any media outlet, or any other third party, that receives information concerning the Plaintiff's disciplinary outcome about the filing of the motion for a temporary restraining order and preliminary injunction, and notifying such media outlets or other third party, that they are prohibited from publishing any information concerning the Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings. [Doc. 4].

The Court may issue a temporary restraining order without notice to the adverse party only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). To obtain temporary injunctive relief, a plaintiff must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) injunctive relief is in the public interest. Winter v.

2

Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). A plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

Upon careful review of the pleadings, the Court finds that there is no substantial potential prejudice to the Defendants in maintaining the status quo during that short period of time until a hearing can be held on the Plaintiff's request for preliminary injunctive relief. Further, there is a probability of irreparable harm to the Plaintiff should the requested relief not be granted. As the balance of hardships and equities as to this discreet point of the disclosure of information over this short period of time tips decidedly in the Plaintiff's favor, the Plaintiff's request for a temporary restraining order is granted.[1]

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Ex Parte Motion for a Temporary Restraining Order [Doc. 4] is **GRANTED**, and the Defendants

---

[1] In granting such relief, the Court expresses no opinion regarding the merits of the Plaintiff's claims or his request for the entry of a preliminary injunction.

shall appear before the United States District Court for the Western District of North Carolina, located at 100 Otis Street, Asheville, North Carolina 28801, Courtroom 1, at **9:00 a.m. on the 7th day of March 2023**, and **SHOW CAUSE** why the Defendants should not be enjoined from any disclosure of Plaintiff John Doe's name and disciplinary records to the press and the public, until a final determination is made in this federal lawsuit.

    **IT IS FURTHER ORDERED** that pending a determination of the Plaintiff's Motion for Preliminary Injunction, the Defendants are hereby: (i) restrained and enjoined from releasing or disclosing any information concerning the disciplinary proceedings that are the subject of this lawsuit; (ii) required to direct all individuals, including but not limited to employees and students, over whom they exercise control to refrain from publishing or disclosing any information concerning the Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings; and (iii) required to inform any media outlet, or any other third party, that receives information concerning the Plaintiff's disciplinary outcome about the filing of this motion for a temporary restraining order and preliminary injunction, and notifying such media outlets or other third party, that they are prohibited from publishing any information concerning the Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings.

4

**IT IS FURTHER ORDERED** that the Plaintiff's counsel shall immediately (1) give meaningful notice of the hearing to the Defendants and to any counsel for the Defendants with whom the Plaintiff's counsel has communicated and (2) provide a copy of the Complaint, the Plaintiff's Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction, the Memorandum in Support, as well as this Order to the Defendants and/or their counsel.

**IT IS FURTHER ORDERED** that this Order shall remain in effect until such time as the hearing on the Motion for Preliminary Injunction can be held.

**IT IS SO ORDERED this the 22nd day of February at 11:05 am.**

Signed: February 22, 2023

Martin Reidinger
Chief United States District Judge

5

Case 1:23-cv-00041-MR-WCM   Document 14   Filed 02/22/23   Page 5 of 5