# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JACOB DOE<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.<br><br>Defendants. | No. 1:23-cv-00041 |

## DECLARATION OF KRISTI L. GRAUNKE

1. I am the Legal Director of the ACLU of North Carolina Legal Foundation (ACLU-NCLF).

2. The ACLU of North Carolina is a statewide, nonprofit, nonpartisan affiliate of the ACLU with approximately 30,000 members dedicated to defending the constitutional rights of all North Carolinians through educational programs, public statements, legislative advocacy, and litigation. As part of the ACLU of North Carolina, ACLU-NCLF has long been committed to litigating in federal and state courts to protect the constitutional rights of all North Carolinians.

1

3. ACLU-NCLF is committed to protecting the First Amendment rights of journalists and all members of the public to access governmental records. Throughout its history, ACLU-NCLF has frequently engaged in advocacy intended to promote the transparency necessary to foster First Amendment freedoms, including access to the courts.

4. For example, ACLU-NCLF recently filed a petition in state court to vindicate the public's right to access police-worn body camera footage. *See* Sarah Honosky, *Aston Park protests: After ACLU petition, Asheville wants bodycam footage on YouTube*, Asheville Citizen Times (Feb. 21, 2023), [https://www.citizen-times.com/story/news/local/2023/02/21/city-to-post-bodycam-footage-of-asheville-reporter-arrests-on-youtube/69924123007/](https://www.citizen-times.com/story/news/local/2023/02/21/city-to-post-bodycam-footage-of-asheville-reporter-arrests-on-youtube/69924123007/).

5. ACLU-NCLF regularly engages in advocacy on behalf of individuals and organizations residing in the areas covered by the Western District of North Carolina. *See, e.g.*, *Zayre-Brown v. N. Carolina Dep't of Pub. Safety*, No. 3:22-CV-191-MOC-DCK, 2022 WL 4456268, at (W.D.N.C. Sept. 23, 2022); *Billard v. Charlotte Cath. High Sch.*, No. 3:17-CV-00011, 2021 WL 4037431, at *1 (W.D.N.C. Sept. 3, 2021).

2

6. In order to fulfill our organizational mission, ACLU-NCLF attorneys frequently examine judicial records addressing the scope of the substantive constitutional rights afforded to all persons living in North Carolina. Access to these records is critical to the practice of ACLU-NCLF attorneys who regularly appear in federal courts within the Fourth Circuit.

7. As part of its advocacy and education on matters related to the constitution and civil rights, ACLU-NCLF also publishes information and commentary about court decisions, including providing links to court orders and other filings, on its publicly available website and social media.

8. On February 22, 2023, ACLU-NCLF learned that this Court entered a temporary restraining order in *Doe v. The University of North Carolina System, et al.*, No. 1:23-cv-00041. In addition, ACLU-NCLF learned that the motion for a temporary restraining order and supporting memorandum were not available on the public docket, and that there was no order on the docket stating that the parties were proceeding under seal.

3

9. ACLU-NCLF's lack of access to judicial records impedes our ability to knowledgably engage in advocacy relating to issues of governmental transparency and civil rights violations by filing public records requests, conducting public education campaigns, and initiating litigation.

10. In addition, it is our position that the temporary restraining order implicates the First Amendment rights of all North Carolinians, including members of the press. ACLU-NCLF's lack of access to the records underlying this Court's order limits our ability to assess whether the temporary restraining order comports with the First Amendment.

11. ACLU-NCLF also has a strong interest in courts adhering to the procedural requirements set forth in Local Civil Rule 6.1. Such rules prevent parties in ACLU-NCLF's cases from attempting to improperly shield court documents from public scrutiny. These procedures also provide ACLU-NCLF the only opportunity to proactively assess whether a court's decision to seal judicial records will affect the rights of members of the communities we serve.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 28, 2023.

<u>/s/ Kristi L. Graunke</u>
Kristi L. Graunke