# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JACOB DOE<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.<br><br>Defendants. | No. 1:23-cv-00041 |

## DECLARATION OF SETH A. STERN

1. I am the Director of Advocacy for Freedom of the Press Foundation (FPF).

2. FPF is a non-profit organization that protects, defends, and empowers public-interest journalism. The organization works to preserve and strengthen First and Fourth Amendment rights guaranteed to the press through a variety of avenues, including the development of encryption tools, documentation of attacks on the press, training newsrooms on digital security practices, and advocating for transparency, open records and the public's right to know.

1

3. FPF regularly writes about, advocates against, and participates in legal proceedings to oppose, legislation and judicial orders that violate the First Amendment and undermine press freedoms, including gag orders, court sealings and prior restraints.

4. FPF advocates for the interests of North Carolinian journalists and citizens, along with other Americans, in transparency and open records. FPF joined the ACLU of North Carolina in recently filing a petition in state court to vindicate the public's right to access police-worn body camera footage. *See* Sarah Honosky, *Aston Park protests: After ACLU petition, Asheville wants bodycam footage on YouTube*, Asheville Citizen Times (Feb. 21, 2023), https://www.citizen-times.com/story/news/local/2023/02/21/city-to-post-bodycam-footage-of-asheville-reporter-arrests-on-youtube/69924123007/.

5. FPF also operates the U.S. Press Freedom Tracker, a nonpartisan news website and database providing reliable and contextualized information on press freedom violations in the United States, including, among other things, gag orders and prior restraints directed at the press. As a centralized repository for research, the data

2

that the Tracker gathers informs journalism and legal action and is the backbone of advocacy efforts for major press freedom groups.

6. On or about Feb. 27, 2023, FPF learned that this Court entered a temporary restraining order in *Doe v. The University of North Carolina System, et al.*, No. 1:23-cv-00041. In addition, FPF learned that the motion for a temporary restraining order and supporting memorandum were not available on the public docket, and that there was no order on the docket stating that the parties were proceeding under seal. FPF also learned that the temporary restraining order purports to prohibit non-party journalists from "publishing any information concerning the Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings."

7. FPF's lack of access to judicial records in the case impedes its ability to knowledgably engage in advocacy relating to press freedoms, including the press's right to access judicial records and the press's right to report the news free from unconstitutional prior restraints or other judicial interference. The temporary restraining order also impedes the journalists and news outlets for whom FPF advocates from fulfilling their

Constitutionally protected mission to gather and report news of interest to the public.

8. FPF believes that the temporary restraining order implicates the First Amendment rights of journalists and consumers of news alike in North Carolina and nationwide, especially where the press was not given the requisite notice or hearing before the Court entered a prior restraint and still does not have access to the basis for the prior restraint. Specific factual and legal findings are essential because prior restraints on publication are a quintessential First Amendment violation and have been held unconstitutional even where publication would allegedly harm national security interests.

9. FPF also has a strong interest in courts adhering to the procedural requirements, set forth in both local rules and caselaw, prohibiting courts from improperly attempting to improperly shield court documents from public scrutiny. Journalists, including at the Tracker, regularly rely on court records to gather and report news, but are unable to do so when records are hidden from the public or when courts purport to restrain them from publishing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 28, 2023.

/s/ Seth A. Stern
Seth A. Stern