UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JACOB DOE<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.<br><br>Defendants. | No. 1:23-cv-00041 |

# MEMORANDUM OF LAW IN SUPPORT OF ACLU OF NORTH CAROLINA LEGAL FOUNDATION, FREEDOM OF THE PRESS FOUDNATION, AND PROFESSOR EUGENE VOLOKH'S <u>JOINT MOTION TO INTERVENE</u>

Plaintiff Jacob Doe sought and obtained a temporary restraining order (TRO) prohibiting the University of North Carolina System, university students and employees, and members of the press from publishing "any information concerning the Plaintiff." (ECF No. 14). This TRO is a gag order which, under the First Amendment, "warrant[s] a most rigorous form of review because [it] rest[s] at the intersection of two disfavored forms of expressive limitations: prior restraints and content-

1

based restrictions." *In re Murphy-Brown, LLC*, 907 F.3d 788, 796–97 (4th Cir. 2018).

Yet the basis for the gag order is unclear: plaintiff's motion for a TRO and supporting memorandum are not available on the public docket. So is the rationale for keeping the motion and supporting memorandum secret: if there is an order allowing plaintiff to proceed under seal, it is also not available on the public docket. Consequently, the Court's sealing order (if such an order was entered) was issued without offering the public notice and opportunity to object, in contravention of binding Fourth Circuit precedent and LCvR 6.1.

Proposed Intervenors, a non-profit civil rights organization, a non-profit advocacy organization dedicated to promoting press freedoms, and a law professor who frequently writes about judicial transparency issues, have common law and First Amendment rights to "access . . . documents or materials filed in a district court." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). And they each have an interest in accessing the filings and orders in this case relating to their respective professional missions.

2

Accordingly, proposed Intervenors seek leave from this Court to intervene for the purpose of moving the court to unseal plaintiff's motion for the TRO and preliminary injunction, the supporting memorandum, this Court's order granting plaintiff's motion to seal, and any substantive motions regarding sealing. Additionally, if this Court does not dissolve the TRO that is currently in effect in this case (ECF No. 14)—as requested by the parties on February 22, 2023 (ECF No. 15)—proposed Intervenors request that they also be permitted to file their own motion to dissolve and modify the TRO insofar as it serves as a prior restraint and otherwise limits the speech of media entities and other third parties.[1]

---

[1] Proposed Intervenors have standing to challenge the restrictions on their First Amendment rights imposed by the TRO. *See, e.g.*, *Cent. S.C. Chapter, Soc. of Pro. Journalists, Sigma Delta Chi v. U.S. Dist. Ct. for Dist. of S.C.*, 551 F.2d 559, 566 (4th Cir. 1977) ("No court has seriously questioned the litigable interest of the media in contesting a 'gag' order."); *United States v. Aldawsari*, 683 F.3d 660, 664–65 (5th Cir. 2012) (because journalist "will attempt to speak with the parties or parties' counsel or representatives about the case . . . the gag order affected [the journalist's] right to gather news and . . . he has standing to challenge it."); United States v. Wecht, 484 F.3d 194, 203 (3d Cir. 2007) ("To the extent that an occasion arises in the future where defense counsel desires to make public statements about the case, we believe the media and public have a legitimate interest in those comments not being inhibited by overly restrictive limitations."); *Application of Dow Jones & Co., Inc.*, 842 F.2d 603, 607 (2d Cir. 1988) (potential recipients of speech have rights "to challenge the abridgment of that speech").

## BACKGROUND

This action was filed on February 15th, 2023. (ECF No. 1). In his complaint, plaintiff Jacob Doe alleges that various defendants involved in administering the University of North Carolina's student disciplinary process violated his constitutional, statutory, and common law rights in connection with his expulsion from the university following allegations that he committed multiple sexual assaults. (ECF No. 1, ¶¶ 562-828).

On February 22nd, 2023, this Court issued a TRO enjoining all defendants "from releasing or disclosing any information concerning the disciplinary proceedings that are the subject of this lawsuit;" requiring defendants "to direct all individuals . . . over whom they exercise control to refrain from publishing or disclosing any information concerning the Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings;" and requiring defendants "to inform any media outlet, or any other third party, that receives information concerning the Plaintiff's disciplinary outcome about the filing of this motion for a temporary restraining order and preliminary injunction, and notifying such media outlets or other third party, that they are prohibited from publishing any

4

information concerning the Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings." (ECF No. 14).

Subsequently, plaintiff gave notice that he had withdrawn his motion for a TRO and preliminary injunction, and that the parties "jointly request that the Court dissolve" its order. (ECF No. 15). As of this filing, plaintiff's motion for a TRO and preliminary injunction is not available on the public docket, and no order dissolving the TRO appears on the publicly-accessible docket.

## ARGUMENT

### I. Proposed Intervenors are entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2).

Under Fed. R. Civ. P. 24(a)(2), an applicant must meet four requirements to be entitled to intervene as of right in a proceeding:

> "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation."

*Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Rule 24(a) should be construed "liberal[ly]" to allow non-parties to intervene

5

to the extent necessary to protect their substantive rights. *Spring Const. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). All proposed Intervenors meet the requirements for intervention as of right in case.

**A. Proposed Intervenors' motion to intervene is timely.**

"Timeliness is to be determined from all the circumstances." *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 366 (1973). In the Fourth Circuit, courts assess three factors to determine timeliness: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).

In this case, the "underlying suit" was initiated less than two weeks ago on February 15th, 2023. (ECF No. 1). Proposed Intervenors only became aware of the existence of the sealed judicial records when this Court issued its TRO on February 22nd, 2023. Volokh Decl. ¶ 6 (Ex. 1); Graunke Decl. ¶ 8 (Ex. 2); Stern Decl. ¶ 6 (Ex. 3).

Upon learning about the sealed judicial records, proposed Intervenors moved expeditiously to protect their rights. *Cf. Hosaflook v. Ocwen Loan Servicing, LLC*, No. 1:17CV28, 2020 WL 13179423, at *1

6

(N.D.W. Va. Jan. 9, 2020) ("[T]he motion to intervene was timely filed; the Nonprofits filed their motion less than three weeks after learning of the sealed documents."). No prejudice will result because this proceeding "ha[s] not progressed beyond its early stages." *Students for Fair Admissions Inc. v. Univ. of N. Carolina*, 319 F.R.D. 490, 494 (M.D.N.C. 2017); *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely.").

### B. Proposed Intervenors have strong interests in proceedings related to sealing and entry of the TRO.

All three proposed Intervenors have substantial, legally protectible interests in this Court's decisions to seal documents and impose restrictions on third party speech. As members of the public, proposed Intervenors have common law and First Amendment rights to access most judicial records. *See, e.g.*, *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988). Each proposed Intervenor also has specific interests in judicial transparency that provide additional support for intervention as of right.

Professor Eugene Volokh specializes in First Amendment law at UCLA School of Law. Volokh Decl. ¶ 1 (Ex. 1). Professor Volokh routinely

7

analyzes issues relating to sealing, governmental transparency, freedom of speech, and freedom of the press in academic articles and on his blog, which is hosted by Reason magazine and is one of the only news outlets dedicated to reporting on these issues. *Id.* ¶¶ 2-3. He is interested in writing about the TRO (ECF No. 14), which appears to raise serious First Amendment questions. *Id.* ¶ 4. He likewise wants to write about the order sealing this case. *Id.* ¶ 5. But he cannot do so in an informed way because substantive judicial records are not publicly available. (ECF No. 14).

FPF is a non-profit organization dedicated to protecting and empowering public-interest journalism. Stern Decl. ¶ 2 (Ex. 3). FPF regularly writes about and participates in legal proceedings to oppose legislation and judicial orders that violate the First Amendment and undermine press freedoms, including gag orders, court sealings and prior restraints. *Id.* ¶¶ 3-4. FPF also operates the U.S. Press Freedom Tracker, a nonpartisan news website and database covering press freedom violations in the United States, including, among other things, gag orders and prior restraints directed at the press. *Id.* ¶ 5. Because judicial records remain secret, FPF is unable to knowledgeably assess, report on, and

8

Case 1:23-cv-00041-MR-WCM   Document 17   Filed 02/28/23   Page 8 of 17

advocate potential First Amendment issues implicated by this case. *Id.* ¶¶ 7-9.

Members of the media, such as Professor Volokh and FPF, have a legally cognizable interest in this proceeding that will be impaired if the sealing order is left unchallenged. Both Professor Volokh and FPF have a professional interest in researching and reporting on judicial orders relating to transparency and free speech rights. *See, e.g.*, *Lomangino v. Polaris Indus. Inc.*, No. 2:21-CV-00501, 2023 WL 2054278, at *3 (S.D.W. Va. Feb. 16, 2023) (interests of "legal scholars [who] review case files for law review articles . . . [and] journalists [who] report[] more broadly on either the courts or the subject matter of particular litigation" weigh against sealing). Additionally, their interest in this proceeding as media outlets dedicated to covering judicial transparency issues, Volokh Decl. ¶ 3 (Ex. 1); Stern Decl. ¶ 5 (Ex. 3), safeguards "the public's right of access [to the courts] via the press," *In re Application & Affidavit for a Search Warrant*, 923 F.2d 324, 329 (4th Cir. 1991). For these and similar reasons, "courts routinely acknowledge and approve of the media's right to intervene" to oppose sealing motions. *United States v. Cannon*, No. 3:14-CR-00087-FDW, 2015 WL 3751781, at *1 (W.D.N.C. June 16, 2015);

9

*see also Smith v. Westminster Mgmt., LLC,* No. CV JKB-17-3282, 2018 WL 9944968, at *2 (D. Md. Jan. 11, 2018) ("The Media Intervenors have a right to intervene under Federal Rule of Civil Procedure 24(a).").

ACLU-NCLF is a non-profit organization dedicated to advancing the civil rights of all North Carolinians. Graunke Decl. ¶ 2 (Ex. 2). ACLU-NCLF regularly engages in advocacy relating to governmental transparency, and to protect the civil and constitutional rights of North Carolinians by filing public records requests, conducting public education campaigns, and initiating litigation. *Id.* ¶¶ 2-3. As part of its efforts to promote transparency and inform the public about court proceedings, ACLU-NCLF often posts, links to, or otherwise provides commentary and analysis on court documents. *Id.* ¶ 7. The organization regularly litigates in this Court and advocates on these issues in counties within the Western District of North Carolina. *Id.* ¶¶ 4-5.

ACLU-NCLF also has a strong interest in ensuring that LCvR 6.1's limitations on sealing are observed. *Id.* ¶ 11. To protect its members' and the public's constitutional rights, ACLU-NCLF relies upon the "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed," LCvR 6.1(a), and

the directive that motions to seal must provide "a non-confidential description of the material sought to be sealed" and a "statement indicating why sealing is necessary and why there are no alternatives to filing under seal," LCvR 6.1(c). Because significant parts of the case file are secret, ACLU-NCLF is unable to knowledgeably publish commentary or advise community members about the restrictions on speech entered in this case. Graunke Decl. ¶ 9 (Ex. 2).

As a non-profit advocacy organization focused on protecting North Carolinians' constitutional rights, ACLU-NCLF has legally cognizable interests in this proceeding that will be impaired if the sealing order is left unchallenged. ACLU-NCLF has an organizational interest in reviewing orders implicating core First Amendment rights issued in jurisdictions where it regularly engages in advocacy. *Id.* ¶¶ 6-10; *see Doe v. Pub. Citizen*, 749 F.3d 246, 264 (4th Cir. 2014) ("[P]ublic interest organizations that advocate directly on the issues to which the underlying litigation and the sealed materials relate" have standing to challenge sealing order).[2] It has an interest in "us[ing] what it learns

---

[2] FPF also shares this interest as an organization that seeks to protect the First Amendment rights of journalists. Stern Decl. ¶ 4 (Ex. 3).

11

from this case" for "public education" and "in other cases and . . . litigation." *MetLife, Inc. v. Fin. Stability Oversight Council*, No. CV 15-0045 (RMC), 2016 WL 3024015, at *5 (D.D.C. May 25, 2016), *rev'd on other grounds*, 865 F.3d 661 (D.C. Cir. 2017). These interests will be impaired if ACLU-NCLF is not allowed to intervene. *Cf. Nish & Goodwill Servs., Inc. v. Cohen*, 191 F.R.D. 94, 98 (E.D. Va. 2000) ("citizen advocacy organizations" entitled to intervene as of right); *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 940 (N.D. Tex. 2019) (ACLU of Texas and other civil rights organizations entitled to intervene as of right).

### C. The parties cannot adequately represent proposed Intervenors' interests.

No party to these proceedings can adequately represent the Intervenors' interests. A movant's "burden of showing an inadequacy of representation is minimal." *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). Here, plaintiff's position with respect to public access is likely opposed to the proposed Intervenors' interests, given that plaintiff is apparently the one who sought to file under seal. *See Doe*, 749 F.3d at 265 (noting that parties' "interests in maintaining the documents under seal are adverse to those of" advocacy organization seeking intervention for purposes of unsealing).

12

And while defendants' position with respect to sealing is unknown,[3] even if they opposed sealing in this instance, defendants do not have "the same ultimate objective as" proposed Intervenors. *Com. of Va.*, 542 F.2d at 216. Because defendants "must represent multiple and distinct interests, those multiple interests may dictate a different approach to the litigation," and proposed Intervenors must be allowed to intervene to represent their interests in unsealing "exclusively." *Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 515 (E.D. Va. 2007) (citing *United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund. Soc.*, 819 F.2d 473, 475–76 (4th Cir.1987)).

## II. In the alternative, permissive intervention is also warranted pursuant to Rule 24(b)(1)(B).

Permissive intervention is generally warranted when an interested non-party seeks access to sealed court records. *See, e.g.*, *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, No. CV TDC-18-3821, 2021 WL 168458, at *3 (D. Md. Jan. 19, 2021) ("Controlling precedent establish[es] that permissive intervention to challenge sealing orders may be granted for a broad range of third parties, including the press, public interest

---

[3] Based on the Court's docket, it does not appear that defendants objected to sealing.

13

groups, and other non-parties."); *cf. E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."). Courts in the Fourth Circuit have routinely permitted non-parties to intervene under circumstances similar to these,[4] and the local rules expressly contemplate non-parties participating in litigation for this purpose. *See* LCvR 6.1(e) ("Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion" to seal).

If this Court determines that any of the proposed Intervenors lacks a right to intervene pursuant to Fed. R. Civ. P. 24(a), this Court should allow permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B).

---

[4] *See, e.g.*, *Kirby v. Res-Care, Inc.*, 596 F. Supp. 3d 588, 592 (S.D.W. Va. 2022) ("[P]ermissive intervention is an appropriate method for a nonparty to seek access to protected or sealed documents."); *Smith*, No. CV JKB-17-3282, 2018 WL 9944968, at *1 ("Nonparty media intervenors have been permitted to intervene to seek access to records even when parties to the case have also opposed the sealing of records."); *Hosaflook*, No. 1:17CV28, 2020 WL 13179423, at *1 ("The Fourth Circuit, in particular, has recognized permissive intervention as a proper way for a nonparty to seek access to documents subject to a protective order." (citing *In re Grand Jury Subpoena*, 836 F.2d 1468, 1470 (4th Cir. 1988))).

14

## CONCLUSION

Proposed Intervenors are entitled as of right to intervene under Fed. R. Civ. P. 24(a)(2) for the purpose of seeking unsealing. In the alternative, they all qualify for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Accordingly, proposed Intervenors respectfully request that this Court grant their motion to intervene for the purposes of filing a joint motion to unseal court records and supporting memorandum of law, attached to this filing as Exhibits 4 and 5. Respectfully submitted this 28th day of February 2023 by:

| MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC | ACLU OF NORTH CAROLINA LEGAL FOUNDATION |
|---|---|
| Mark R. Sigmon<br>N.C. State Bar No. 37762<br>5 W. Hargett Street<br>Suite 1001<br>Raleigh, NC 27601<br>Tel: (919) 461-6311<br>msigmon@milberg.com<br><br>*Counsel for Intervenor Professor Eugene Volokh* | /s/ Kristi L. Graunke*<br>Kristi L. Graunke<br>N.C. State Bar No. 51216<br>Samuel J. Davis**<br>N.C. State Bar. No. 57289<br>P.O. Box 28004<br>Raleigh, NC 27611<br>Tel. (Davis): (919) 354-5071<br>Tel. (Graunke): (919) 354-5066<br>sdavis@acluofnc.org<br>kgraunke@acluofnc.org |

*Counsel for Intervenors ACLU-NCLF and Freedom of the Press Foundation*

*\*Counsel of record*

*\*\*Application for admission forthcoming*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this **MEMORANDUM IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE** was this day filed in in the Western District of North Carolina using the Clerk's CM/ECF system, which will send notification of this filing to the parties' counsel:

Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Tara J. Davis
**NESENOFF & MILTENBERG, LLP**
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
tdavis@nmllplaw.com

Robert C. Ekstrand, Esq.
**EKSTRAND & EKSTRAND, LLP**
rce@ninthstreetlaw.com

*Counsel for Plaintiff*

Marla S. Bowman
**UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL**
marla_bowman@unc.edu

*Counsel for Defendant University of North Carolina Chapel Hill*

Jeremy D. Lindsley
**NORTH CAROLINA DEPARTMENT OF JUSTICE**
jlindsley@ncdoj.gov

*Counsel for Defendants University of North Carolina System and University of North Carolina at Chapel Hill*

/s/ Kristi Graunke