# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00041-MR-WCM

| | |
|---|---|
| JACOB DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| THE UNIVERSITY OF NORTH ) | |
| CAROLINA SYSTEM, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to Proceed Under Pseudonym. [Doc. 2].

## I. PROCEDURAL & FACTUAL BACKGROUND

The Plaintiff, Jacob Doe ("Plaintiff") filed this civil action on February 15, 2023, seeking a reversal of his permanent expulsion from The University of North Carolina System ("UNC") and asserting claims for procedural due process violations under 42 U.S.C. § 1983, violation of Title IX of the Education Amendments of 1972, breach of contract, and other state law claims. [Doc. 1]. Also on February 15, 2023, the Plaintiff filed the present Motion for Leave to Proceed Under Pseudonym. [Doc 2].

This case arises from the Plaintiff's expulsion after UNC found him responsible for sexual misconduct. [Doc. 3 at 1]. The Plaintiff argues that such finding was erroneous and the result of what he alleges was a biased administrative proceeding. [Id.]. He further argues that requiring him to reveal his identity in this proceeding will result in significant reputational harm and a potential for retaliation because of the sensitive nature of the allegations made against him. [Doc. 3-1: Ekstrand Decl. at ¶ 31]. He also requests that the four students who accused him of sexual misconduct be referred to in this proceeding by pseudonym as well. [Id.].

On May 8, 2023, the Defendants filed a Response to the Plaintiff's Motion, stating that they do not oppose the Plaintiff's request to proceed under pseudonym up to and through summary judgment. [Doc. 36 at 2]. They similarly agree that the four students who accused the Plaintiff of sexual misconduct should be referred to pseudonymously. [Id.]. The Defendants request that, should this action proceed to trial, the parties be afforded the opportunity to confer regarding "measures to address student confidentiality in a trial setting." [Id.].

II. **DISCUSSION**

Rule 10 of the Federal Rules of Civil Procedure requires that a civil complaint set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a).

2

The Fourth Circuit has recognized that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014). In weighing whether to permit a party to proceed pseudonymously, the court considers multiple factors including: (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation"; (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party"; and, (5) "the risk of unfairness to the opposing party." Id. (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Id. at 274.

3

Case 1:23-cv-00041-MR   Document 41   Filed 07/13/23   Page 3 of 8

Here, the Plaintiff argues that, because the underlying facts center around allegations of sexual misconduct brought against the Plaintiff, the first and second James factors weigh in favor of allowing him to proceed pseudonymously. [Doc. 3 at 5, 7]. The Plaintiff argues that these allegations are sensitive and highly personal for both him and the four students who made accusations of sexual misconduct. [Id. at 6]. He further argues that, because of the nature of these allegations, publicly associating his name with these allegations exposes him to significant reputational harm. [Id. at 7-8]. And, because he alleges that these allegations are false, he argues that denying him permission to proceed pseudonymously would "place him at risk for unwarranted retribution." [Id. at 8].

As other courts have recognized, allegations of sexual misconduct are "matter[s] of [a] sensitive and highly personal nature." Doe v. Va. Polytechnic Inst. & State Univ., No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (quoting James, 6. F.3d at 238). Moreover, these sensitive and personal details are central to the case; in other words, here, the "heart of the case" is a "quintessentially private matter."[1] Doe v. Liberty Univ., No.

---

[1] In this respect, this case differs from this Court's recent case where the plaintiffs were not permitted to proceed anonymously, L.L. v. Medcost Benefit Servs., Civil Case No. 1:21-cv-00265-MR (W.D.N.C. July 5, 2023). In that case, while the plaintiffs alleged that the details underlying the suit involved sensitive mental-health information, this Court concluded that the central allegation—that plaintiffs were denied coverage for a medial issue—was not so sensitive that the parties should be allowed to proceed by pseudonym.

4

6:19-CV-00007, 2019 WL 2518148, at *3 (W.D. Va. June 18, 2019) (internal quotations omitted) (quoting Doe v. Pittsylvania County, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012)).

Relatedly, as observed by another court in this Circuit, "the mere accusation of [sexual misconduct], if disclosed, can invite harassment and ridicule." Doe v. Rectors & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 593 (E.D. Va. 2016). In addition to being highly personal, such allegations could lead to retaliation against the Plaintiff. Moreover, the Plaintiff alleges that he has *already* been subject to reputational harm because of the sexual misconduct allegations and the following administrative proceedings. [Doc. 3-1: Ekstrand Decl. at ¶ 29]. The Plaintiff, in bringing this action, seeks to remedy that reputational harm. Requiring that he proceed under his own name would exacerbate the very harm he seeks to redress through this action. Accordingly, because this case involves sensitive and highly personal details about the Plaintiff and the four students who accused him of sexual misconduct, and because the allegations at issue

---

Id. at 6-7. Instead, the Court concluded that to the extent that the proceedings necessitated consideration of more sensitive details, such sensitive information could be adequately protected through redaction and filing under seal. Id. Here, no reasonable level of redaction could conceal the fact that this is a suit arising from allegations of sexual misconduct and a corresponding administrative proceeding. Moreover, the question of whether such allegations are true is at issue in this case, but was not a factor in Medcost. Accordingly, unlike in Medcost, the revelation of the mere fact that the Plaintiff brought this action reveals sensitive details and potentially exposes him to reputational harm.

5

in this action would likely expose the Plaintiff to retaliatory harm, the Court concludes the first two James factors weigh in favor of allowing the Plaintiff to proceed pseudonymously.

The third James factor weighs somewhat in favor of allowing the Plaintiff to proceed under a pseudonym. While the Plaintiff and the four female students are not minors nor were they when the allegations at issue here arose, they were all college students at the time. While not a significant consideration in this Court's analysis, this factor weighs slightly in favor of allowing the Plaintiff to proceed under a pseudonym.

The fourth James factor is neutral as this case involves both government entities and private individuals. The fifth James factor weighs in favor of allowing the Plaintiff to proceed under a pseudonym because the Defendants have not argued that allowing him to do so will be unfair to them and have expressly stated that they do not oppose pseudonymous proceeding for the Plaintiff and the four female students who accused him of sexual misconduct. Accordingly, in total, the James factors weigh in favor of allowing the Plaintiff to proceed under a pseudonym.

The Court also has an independent obligation to "balance[e] the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Public Citizen,

6

Case 1:23-cv-00041-MR   Document 41   Filed 07/13/23   Page 6 of 8

749 F.3d at 274. Here, the Plaintiff has a strong interest in anonymity because of the extremely sensitive nature of the allegations made against him and the high risk of retaliation should these allegations be made public. Moreover, allowing the Plaintiff and the four female students to proceed under pseudonym protects not only the Plaintiff from retaliation but the four students—none of whom are parties to this litigation—as well. And, as discussed above in relation to the fifth <u>James</u> factor, the Defendants do not oppose allowing a pseudonymous proceeding nor do they allege that preserving the Plaintiff's anonymity will prejudice them. And while the public has an interest in open court proceedings, the Plaintiff's strong privacy interests outweigh it here. Moreover, the public still has access to information regarding the action with the exception of the identities of the Plaintiff and the female students. Accordingly, the Court concludes that the Plaintiff and the four female students who accused him of sexual misconduct will be referred to by pseudonyms through summary judgment, should the case proceed to that stage. Should the case proceed further than summary judgment, the Court will take up the issue of further privacy measures at that time.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to Proceed Under Pseudonym [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED.**

Signed: July 13, 2023

Martin Reidinger
Chief United States District Judge

8

Case 1:23-cv-00041-MR   Document 41   Filed 07/13/23   Page 8 of 8