IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO: 1:23-CV-00041

JACOB DOE,

Plaintiff,

v.

THE UNIVERSITY OF NORTH
CAROLINA SYSTEM, et al.

Defendants.

THE INDIVIDUAL DEFENDANTS'
REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS

# TABLE OF CONTENTS

ARGUMENT ..................................................................................................................... 1

   I.   Venue is not proper in the Western District. ......................................................... 1

   II.  Plaintiff fails to state a §1983 claim. .................................................................... 1

      A.  Plaintiff is not entitled to an *Ex parte Young* injunction. ................................. 2

      B.  Plaintiff was not deprived of a constitutionally protected interest. .................... 3

         i.   There is no protected property right in continued enrollment. ..................... 3

         ii.  Plaintiff does not have a protected liberty interest. ....................................... 4

      C.  Plaintiff received sufficient due process. ........................................................... 4

   III.  The Individual Capacity §1983 claim is barred by qualified immunity. ............. 7

      A.  The qualified immunity defense is ripe for determination. ................................ 7

      B.  There is no clearly established right. ................................................................. 8

   IV.  Plaintiff fails to plausibly allege a negligent hiring claim against Hall. .............. 8

   V.   Plaintiff's emotional distress claims fail. ............................................................ 10

CONCLUSION .............................................................................................................. 10

Plaintiff concedes that the Complaint reached too far. He does not oppose the Individual Defendants' motion to dismiss the tortious interference with contract claim or any claims based on a conspiracy. Instead, Plaintiff spills his ink[1] responding to the Individual Defendants' arguments for dismissal of the §1983 claim, the negligent hiring claim against Hall, and the emotional distress claims. Despite his efforts, he cannot overcome the lack of a factual or legal basis to save these claims.

**First**, Plaintiff has not established that venue is proper in the Western District. **Second**, Plaintiff has not plausibly alleged a §1983 official capacity claim against Guskiewicz, Hall, or Rieckenberg. **Third**, Plaintiff cannot defeat the protections of qualified immunity to avoid dismissal of his §1983 individual capacity claim. **Fourth**, Plaintiff concedes that neither Enlow nor Elrod owed him a duty, and Plaintiff fails to allege that Hall knew of any alleged incompetence by either, thereby defeating his negligent hiring claim. **Fifth**, Plaintiff does not allege a duty to support his negligent infliction of emotional distress claim, or severe emotional distress to support either of his emotional distress claims. For these and the reasons in their opening brief, the Court should dismiss each of the claims against the Individual Defendants.

## ARGUMENT

### I. Venue is not proper in the Western District.

The UNC Defendants further explain why venue is improper in this District. ECF 42 at 1-5. The Individual Defendants incorporate by reference those arguments here.

### II. Plaintiff fails to state a §1983 claim.

---

[1] Plaintiff Response appears to be in 12-point font. This formatting ignores Section III.C. of Judge Reidinger's Pretrial Order and Case Management Plan.

### A. Plaintiff is not entitled to an *Ex parte Young* injunction.

The Individual Defendants explained that Plaintiff has not sufficiently pled he is entitled to an *Ex parte Young* injunction as to Guskiewicz. ECF 33 at 14-15. In a footnote, Plaintiff recognized the lack of clarity in his nearly 200-page Complaint and stated that his §1983 official capacity claim is directed at Guskiewicz, *and* Hall, and Rieckenberg. ECF 40 at 12 n 5. Plaintiff also clarified that in addition to relief from his suspension and expulsion, he seeks: vacatur of the findings in the Roes 1 and 4 matters, expungement of his disciplinary records, relief from "attendant sanctions," and reinstatement as a student in good standing. ECF 40 at 10.

This clarification does not change the result as to Guskiewicz. And similar pleading defects plague any §1983 official capacity claim against Hall and Rieckenberg.

**First**, Plaintiff argues that Hall and Rieckenberg "had significant involvement with, control over, and responsibility for overseeing Plaintiff's Title IX disciplinary process." ECF 40 at 11. As to Rieckenberg, this proclamation is belied by the limited factual allegations in the Complaint about her role in the underlying matters. Indeed, Plaintiff states that Rieckenberg only served as the EEAC Hearing Chair regarding Plaintiff's request to attend classes in the 2021 fall semester. *See* ECF 1, ¶22.

**Second**, even if Plaintiff had alleged that Hall and Rieckenberg were involved in the process about which he complains, Plaintiff cannot overcome the absence of allegations that either have the power to effectuate the relief he seeks. This is a far cry from the factual allegations in *Doe v. Citadel*, No. 2:21-CV-04198-DCN, 2022 WL 2806473, *4-5 (D.S.C. Jul. 18, 2022) on which Plaintiff relies. In *Citadel*, the plaintiff specifically alleged that the Title IX Coordinator and the director of the sexual assault center had the ability to expunge his disciplinary record. *Id*. at *5. Despite Plaintiff's

2

lengthy Complaint, there is no similar allegation here. Plaintiff's reliance on *Citadel* is further misplaced because even there, the procedural due process claim was ultimately dismissed, *id.* at *8, and affirmed on appeal by the Fourth Circuit, *Doe v. Citadel*, No. 22-1843, 2023 WL 3944370 (4th Cir. Jun. 12, 2023).

For these reasons, Plaintiff's §1983 official capacity claim should be dismissed.

### B. Plaintiff was not deprived of a constitutionally protected interest.

In their opening brief, the Individual Defendants showed that Plaintiff had not plausibly alleged any constitutionally protected property or liberty interest. ECF 33 at 15-18. Plaintiff attempts to overcome this fatal deficiency by claiming that UNC-CH's policies and an unidentified contract created a protected property right. Plaintiff further argues that he has a protected liberty interest relying on cases arising in the employment context. These arguments do not pass muster.

### i. There is no protected property right in continued enrollment.

**First**, Plaintiff's policy argument misunderstands the controlling law the Individual Defendants relied upon in *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230 (4th Cir. 2021). *See* ECF 33 at 16. Under *Sheppard*, Plaintiff does not have a constitutionally protected property right in continued enrollment. Plaintiff does not distinguish his case from *Sheppard*. Instead, Plaintiff relies on a district court case, *Doe v. Alger*, 175 F. Supp. 3d 646 (W.D. Va. 2016), decided five years prior to *Sheppard*.

In any event, *Alger* is unlike this case. The *Alger* plaintiff alleged that his university had a "system of expelling, suspending, or dismissing students only after a finding of cause" and pointed to a "student rights policy" that supported this assertion. *Id.* at 658. No similar allegations are present here. Instead, Plaintiff relies on the Title IX

regulation and general procedures in UNC's Title IX policy, ECF 40 at 15 (citing ECF 1, ¶¶37-40, 51-52, 54, 646), which do not establish a right to continued enrollment.

**Second**, Plaintiff's contract argument is misplaced and the state cases on which he relies are inapplicable. In *Supplee v. Miller-Motte Bus. Coll., Inc.*, 239 N.C. App. 208, 219, 768 S.E.2d 582, 592 (2015), the plaintiff had signed two separate enrollment agreements that incorporated the terms and conditions of the student catalog. In *Ryan v. Univ. of N.C. Hosps.*, 128 N.C. App. 300, 301, 494 S.E.2d 789, 790 (1998), the plaintiff's claims were premised on a written contract. Here, in contrast, Plaintiff does not have a written enrollment contract. And Plaintiff has not argued he has alleged the required elements of a contract. The well-settled elements of a valid contract are offer, acceptance, consideration, and mutual assent to the contract's essential terms. *See Se. Caissons, LLC v. Choate Const. Co.*, 247 N.C. App. 104, 110, 784 S.E.2d 650, 654 (2016). Without any factual allegations of a contract, his argument fails here too.

### ii. Plaintiff does not have a protected liberty interest.

The Individual Defendants addressed the absence of a constitutionally protected liberty interest. *See* ECF 33 at 17-18. In response, Plaintiff relied heavily on employment cases. *See* ECF 40 at 17-18. However, Plaintiff has not alleged that he lost a job. Without a statutory right to be a public college or university student, Plaintiff cannot show that his status under state law was altered or extinguished. *See* ECF 33 at 18.

Thus, Plaintiff has not been deprived of a constitutionally protected interest.

### C. Plaintiff received sufficient due process.

The Individual Defendants argued that Plaintiff received sufficient due process in response to his complaints that he did not get to cross examine Roe 4 and that Elrod excluded evidence about Roe 4. ECF 33 at 18-20. In response, Plaintiff also contends he

4

was not provided with due process related to (1) his EEAC hearings notice and Roe 1's hearing notice,[2] (2) his ability to cross-examine witnesses, (3) the neutrality of the arbiter, and (4) his ability to present defenses. None of these arguments are compelling.

**Notice**: Plaintiff argues that he was not provided with adequate notice because UNC-CH's Roe 1 process focused *exclusively* on an allegation of sexual misconduct on the night of November 19, 2020. ECF 40 at 22. This is not accurate. The Notice stated: "*On or about* November 19, 2020, in the Kappa Sigma house, you engaged in sexual intercourse with the Reporting Party without her consent." ECF 1, ¶268.

These facts are distinct from those in *Doe v. Rector and Visitors of George Mason Univ.*, 149 F. Supp. 3d 602 (E. Va. 2016). In *George Mason*, the plaintiff was given notice about a single incident of sexual misconduct when, in fact, his entire relationship with the reporting party was at issue. *Id.* at 615-18. Here, Plaintiff was provided notice about a single incident after a specific party, the nature of the allegation—nonconsensual intercourse—and the location of the incident—the Kappa Sigma house. Plaintiff only complains about the precise date of the incident in the Notice—*on or about* November 19—when the hearing determined the exact date of the incident was a few days before on November 12-13.

**Cross-examination**: Plaintiff complains that he was not provided with sufficient due process because he could not complete his cross-examination of Roe 1 and he did not have the opportunity to cross-examine Roe 4. Plaintiff's argument fails because no right to cross-examine exists in this context.

---

[2] Notice regarding Plaintiff's EEAC hearings and Roe 1 hearing can pertain only to his §1983 individual capacity claim because there is no continuing violation related to any suspension. *See, e.g.,* ECF 1, ¶¶236, 319 and ECF 33 at 14.

5

*Citadel*, 2023 WL 3944370, at *2, is directly on point. In *Citadel*, the plaintiff complained that his representative was prevented from cross-examining a witness. The Fourth Circuit concluded that "in the academic context, [a student] is not entitled to the same rights as a criminal defendant. We have not found a 'basis in the law . . . for importing [the right to cross-examination] into the academic context,' and we decline to do so here." *Id.*; *see also Doe v. Va. Polytechnic Inst. & State Univ.*, 400 F. Supp. 3d 479, 501 (W.D. Va. 2019) (rejecting student's procedural due process claim based on a lack of cross examination).

**Neutral arbitrator**: Plaintiff also complains that the hearing officer was not neutral and detached. However, even in a trial setting, Plaintiff's position is untenable.[3] In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009), the United States Supreme Court provided that "the Due Process Clause incorporated the common-law rule that a judge must recuse himself when he has 'a direct, personal, substantial, pecuniary interest' in a case." *Id.* (citing *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)). Personal bias or prejudice "alone would not be sufficient basis for imposing a constitutional requirement under the Due Process Clause." *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 820 (1986).

University officials tasked with administering disciplinary proceedings are entitled to a "'presumption that [they] can and will decide particular controversies conscientiously and fairly.'" *Gulyas v. Appalachian State Univ.*, No. 5:16-CV-00225-RLV-DCK, 2017 WL 3710083, at *4 (W.D.N.C. Aug. 28, 2017). Here, at best, Plaintiff

---

[3] Plaintiff does not refute that due process may be satisfied by something less than a trial-like proceeding. ECF 33 at 19; *see also Dillow v. Va. Polytechnic Inst. & State Univ.*, No. 7:22CV00280, 2023 WL 2320765, at *11 (W.D. Va. Mar. 2, 2023).

has only alleged personal bias or prejudice. He has not alleged facts that rise to the level of a due process violation, including any gender discrimination.[4]

**Ability to Present Evidence and a Defense**: Finally, Plaintiff contends that he was denied due process because he was not able to present evidence and defenses. His grievances fall in two categories—(1) accusations that information was withheld from him, and (2) claims related to decisions by the hearing officers on the admissibility of evidence. **First**, due process does not require the university to turn over exculpatory or impeachment evidence to the accused student. *See Tanyi v. Appalachian State Univ.*, No. 5:14-CV-170RLV, 2015 WL 4478853, at \*5 (W.D.N.C. July 22, 2015). **Second**, Plaintiff's complaints are merely a restatement of his complaints about the neutrality of the arbitrator, which as discussed above is not a due process violation.

For the reasons stated above, there was no due process violation.

## III. The Individual Capacity §1983 claim is barred by qualified immunity.

### A. The qualified immunity defense is ripe for determination.

Plaintiff argues that the qualified immunity question is premature by relying on inapplicable First Amendment cases. This argument ignores the policy underlying the qualified immunity defense.

"The defense exists to 'give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery.'" *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). As the *Jenkins* court explained: "When a district court denies qualified immunity at the

---

[4] *See* UNC Defendants' Reply Brief, ECF 42 at 5-10.

7

Case 1:23-cv-00041-MR   Document 43   Filed 07/31/23   Page 9 of 14

dismissal stage, that denial subjects the official to the burdens of pretrial matters, and some of the rights inherent in a qualified immunity defense are lost." 119 F.3d at 1159.

### B. There is no clearly established right.

In their opening brief, the Individual Defendants showed that there is no clearly established property interest or reputational liberty interest that implicates due process protections in public university student disciplinary hearings. ECF 33 at 22-23.

Plaintiff attempts to circumvent public official immunity with a laundry list of actions and proclamations that he was "denied his clearly established rights." However, Plaintiff initially defines the legal principle too broadly. *See* ECF 40 at 27-28. Instead, the relevant legal principle must be evaluated in "the specific context of the case," not at "a high level of generality." *Allen v. Cooper*, 895 F.3d 337, 356 (4th Cir. 2018), *aff'd*, 140 S. Ct. 994 (2020) (quoting *Adams v. Ferguson*, 884 F.3d 219, 226-27 (4th Cir. 2018)). Furthermore, even if Plaintiff accurately stated the legal principles, they are not clearly established for the reasons discussed above. *See* Section II.B., *supra*.

Because the qualified immunity question is ripe for determination and because the rights implicated are not clearly established, qualified immunity bars Plaintiff's §1983 individual capacity claim.

### IV. Plaintiff fails to plausibly allege a negligent hiring claim against Hall.

The Individual Defendants enumerated that Plaintiff's negligent hiring claim fails for three reasons.[5] **First**, a negligent hiring claim is only recognized against an employer—not fellow employees. ECF 33 at 24.

---

[5] In a passing footnote, Plaintiff recognizes that the Individual Defendants' Motion only addresses the negligent hiring claim as to Enlow, not Elrod. This is because Plaintiff only alleged a negligent hiring claim against Hall as to Enlow. *Compare* ECF 1,

**Second**, Plaintiff has not stated a legal duty to support negligence-based claims. ECF 33 at 25. Even assuming a negligent hiring claim does not require a standalone duty of care by Hall to Plaintiff, his claim still fails. Plaintiff must allege: (1) the employee's specific negligent act; (2) that the employee is incompetent to perform his job; (3) that the employer had actual or constructive notice of the employee's unfitness for his job; and (4) the injury Plaintiff suffered resulted from Plaintiff's incompetency. *See Keith v. Health-Pro Home Care Servs., Inc.*, 381 N.C. 442, 451, 873 S.E.2d 567, 575 (2022).

Here, Plaintiff concedes that he has not alleged a specific negligent act by any Individual Defendant, including Enlow and Elrod.[6] This is because Elrod's and Enlow's conduct about which Plaintiff complains is the same conduct Plaintiff identifies as showing intentional discrimination under Title IX. Title IX cannot provide the basis for state law tort claims like negligent hiring. *See* ECF 33 at 26; *see also Oldham v. Univ. of N.C.*, No. 1:22CV513, 2023 WL 3984031, at *18 (M.D.N.C. June 13, 2023).

**Third**, Hall did not have actual or constructive notice that Enlow or Elrod were unfit for their jobs. As to Enlow, Plaintiff argues that Hall knew or should have known Enlow was incompetent because of the conduct that forms the basis of this case. This is illogical. The conduct at issue here could not have put Hall on notice before it occurred. As to Elrod, Plaintiff relies on his own interpretation of allegations in a separate lawsuit filed six and half years prior to his Complaint. Yet, the *Gulyas* court held that the plaintiff

---

¶¶790-91 (referencing Hall), *with* ¶¶793, 795 (referencing UNC-CH). Nevertheless, even if properly alleged, the same arguments justify dismissal of the claim related to Elrod.

[6] The Individual Defendants argued that they did not owe a legal duty to Plaintiff related to Plaintiff's Negligent Infliction of Emotional Distress claim. Plaintiff did not address this argument in his response. *Compare* ECF 33 at 26, *with* ECF 40 at 30.

9

had not alleged any facts "that suggest[ed] that any bias by Elrod was attributable to Plaintiff's gender." *See Gulyas*, 2017 WL 3710083, at *8.

### V. Plaintiff's emotional distress claims fail.

The Individual Defendants described multiple ways that Plaintiff failed to state emotional distress claims. ECF 33 at 26-30. In a last fleeting paragraph, Plaintiff attempts to avoid dismissal of these claims. However, Plaintiff is silent in response to the Individual Defendants' argument that the Individual Defendants do not owe him a duty of care. *Compare* ECF 33 at 26, *with* ECF 40 at 30. This is a necessary element of NIED. *See Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990) (holding that plaintiff must allege that defendant engaged in negligent conduct as an element of NIED). Thus, without a duty, dismissal of the NEID claim is necessary.

Plaintiff also misstates Defendants' argument about Plaintiff's conclusory allegations that he suffered severe emotional distress. The Individual Defendants do not argue that he must allege "proof" of his emotional distress. Instead, the Individual Defendants contend that Plaintiff's general statement about severe emotional distress is not enough. *See Turner v. Thomas*, 369 N.C. 419, 429, 794 S.E.2d 439, 447 (2016). Plaintiff should be required to comply with the well-established pleading standards articulated by the United States Supreme Court. *See Cash v. Lees-McRae College Inc.*, 2018 WL 7297876 (W.D.N.C. Aug. 13, 2018).

For these reasons, Plaintiff's emotional distress claims should be dismissed.

### CONCLUSION

Accordingly, the Court should grant the Motion to Dismiss in its entirety.

This 31st day of July, 2023.

                              JOSHUA H. STEIN
                              Attorney General

                              /s/ Kimberly D. Potter
                              Kimberly D. Potter
                              Special Deputy Attorney General
                              NC State Bar No. 24314
                              kpotter@ncdoj.gov

                              /s/ Adrina G. Bass
                              Adrina G. Bass
                              Special Deputy Attorney General
                              NC State Bar No. 39521
                              abass@ncdoj.gov

                              /s/ Jeremy D. Lindsley
                              Jeremy D. Lindsley
                              Assistant Attorney General
                              NC State Bar No. 26235
                              jlindsley@ncdoj.gov

                              North Carolina Department of Justice
                              PO Box 629
                              Raleigh, NC  27602
                              Tel: 919-716-6920
                              Fax: 919-716-6764

                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **INDIVIDUAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This 31st day of July, 2023.

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
*Attorney for Defendants*