IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO: 1:23-CV-00041

| | |
|---|---|
| JACOB DOE, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al. <br><br> Defendants. | DEFENDANTS' REPLY BRIEF <br> IN SUPPORT OF <br> MOTION FOR CHANGE OF VENUE |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

ADDITIONAL BACKGROUND ..................................................................................... 1

ARGUMENT ..................................................................................................................... 2

    I.    Venue Is Proper in the Middle District. ............................................................. 2

    II.    The Weight of Relevant Factors Heavily Favors Transfer to the Middle District. ............................................................................................................... 4

        A.    Plaintiff's Residency and Choice of Forum Do Not Control When There Is No Substantial Connection Between His Claims and the Western District (Factor 1). ............................................................................................. 5

        B.    No Defendant Resides in the Western District (Factor 2). ........................... 6

        C.    No Documentary Evidence Has Been Identified in the Western District (Factor 3). ..................................................................................................... 6

        D.    The Western District Lacks Compulsory Process Over Potential Witnesses and Plaintiff Has Not Shown There Are Any Fact Witnesses in the Western District (Factor 4). ...................................................................................... 7

        E.    Moving This Case to the Middle District Will Make the Trial Easier and More Expeditious and Inexpensive (Factor 8). ........................................... 8

        F.    The Middle District Has a Significant Interest in Hearing This Case (Factor 10). ................................................................................................... 9

CONCLUSION ................................................................................................................. 9

## INTRODUCTION

Plaintiff does not contest that the Middle District of North Carolina is a proper venue for this case. Instead, Plaintiff attempts to relitigate Defendants' Motions to Dismiss, which assert that the Western District is an improper venue under Rule 12(b)(3). ECF 32, 34. For Defendants' present motion under 28 U.S.C. §1404(a), since there is no disagreement that the Middle District is a proper forum, the only remaining question is whether the convenience and justice factors support a transfer. To oppose Defendants' transfer request, Plaintiff introduces for the first time that he is a resident of Burke County. ECF 47-1. This one additional fact is insufficient to change the balance of factors that otherwise overwhelming supports a transfer.

Defendants' Motion for Change of Venue should be granted.

## ADDITIONAL BACKGROUND

Plaintiff's nearly 200-page Complaint alleged that he resided in North Carolina, ECF 1 ¶9, but did not allege where within the state he resided. Plaintiff's new Declaration states that he currently resides in Burke County in the Western District, without stating where he resided when he filed this lawsuit. ECF 47-1 ¶¶3-4. The Declaration also repeats allegations from the Complaint, stating that Plaintiff entered his scholarship contract with MCF in the Western District. *Id.* ¶5.

Plaintiff's Declaration adds no facts about the enrollment contract he argues he entered with UNC-CH in the Western District. And Plaintiff's Declaration adds no facts about where any potential witnesses reside.

1

# ARGUMENT

The Court should transfer this case to the Middle District. **First,** Plaintiff does not contest that the Middle District is a proper venue for this case under 28 U.S.C. §1391(b). **Second,** Plaintiff's only new additional fact—that he resides in Burke County—does not meaningfully change the weight of the convenience and justice factors that supports a transfer to the Middle District under 28 U.S.C. §1404(a).

## I. Venue Is Proper in the Middle District.

The parties agree that when considering a motion to change venue, courts first consider whether the transferee district is a proper forum and then apply a balancing test to determine if a transfer is appropriate. *Compare* ECF 45 at 8, *with* ECF 47 at 9 (both citing *Caturano v. Armchem Int'l Corp.*, No. 1:20-cv-00173-MOC-DCK, 2020 WL 6065303, at *3 (W.D.N.C. Oct. 14, 2020)).

Plaintiff does not contest that the Middle District is a proper forum where he could have originally brought this case. Instead, Plaintiff repeats arguments from his opposition to Defendants' Motions to Dismiss under Rule 12(b)(3). *Compare* ECF 39 at 9-13, *with* ECF 47 at 11-14. Namely, Plaintiff argues here, again, that (1) the UNC System resides in the Western District, and (2) the substantial events giving rise to his claims occurred in the Western District. ECF 47 at 11-14.[1]

---

[1] Plaintiff also repeats assertions about the UNC System that are incorrect. *See* ECF 39 at 10; ECF 47 at 6, 12. The University of North Carolina at Charlotte is still known as UNC Charlotte. N.C. Gen. Stat. §116-4. And the UNC System is not comprised of North Carolina's community colleges. *Compare* N.C. Gen. Stat. §116 *et seq.* (creating the UNC System), *with id.* §115D *et seq.* (creating the State Board of Community Colleges).

2

Defendants have already shown why both assertions are incorrect. ECF 42 at 3-7; ECF 43 at 3. Defendants stand on those arguments here, making only limited additional points.

**First,** regarding residency, Defendants showed that the UNC System is not at "home" in this District. ECF 42 at 4-6. And the UNC System's operations in this District are insufficient to support general jurisdiction. *Id.* at 5-6 (citing *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 134 (4th Cir. 2020)). Nonetheless, Plaintiff insists that the presence of UNC System schools in this District supports residency. In doing so, Plaintiff does not distinguish the UNC System's operations in this District from Marriott's South Carolina hotel operations in *Fidrych*, which were insufficient to confer jurisdiction. Thus, *Fidrych* controls and there should be no general jurisdiction over the UNC System in this District.

**Second,** regarding the substantial events giving rise to Plaintiff's claims, the only event discussed in the new Declaration is Plaintiff entering into his MCF scholarship contract. ECF 47-1 ¶5. But this is not a substantial event giving rise to Plaintiff's claims. Plaintiff's Complaint recognizes that "MCF is 'a third-party entity that is distinct and separate from the University.'" ECF 42 at 6 (citing ECF 1 ¶817). Thus, MCF is not UNC-CH. And Plaintiff has not alleged any claims against MCF–it is a non-party.

Beyond this, Plaintiff introduces no new facts about the enrollment contract he argues he entered with UNC-CH in this District. And his allegations are insufficient to show he entered any contract with UNC-CH. ECF 42 at 6.

Plaintiff also ignores the fact that his claims arise not from his alleged assaults of Roes 3 and 4 in this District but from the fact that Roes 3 and 4 (and Roes 1 and 2) reported those assaults to UNC-CH *in the Middle District*. And UNC-CH investigated

3

and disciplined Plaintiff *in the Middle District*. Stated another way, Plaintiff would have no claims against UNC-CH or its employees but for the reports to and subsequent conduct of UNC-CH *in the Middle District*. The assaults in and of themselves did not give rise to Plaintiff's claims.[2]

In sum, even with more time, space, and facts, Plaintiff has not shown that the Western District is a proper venue. And for purposes of this Motion, Plaintiff does not contest that the Middle District is a proper venue where this matter can be transferred.

## II. The Weight of Relevant Factors Heavily Favors Transfer to the Middle District.

The parties agree that the four factors from *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) and additional factors from *Silva v. Pavlak*, No. 5:18CV97, 2018 WL 4775510, at *6 (W.D.N.C. Oct. 3, 2018) (citing *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 239 (W.D.N.C. 2008)), control whether a transfer is appropriate under 28 U.S.C. §1404(a). The parties also agree that factors 5-7, 9, and 11 are neutral.[3] ECF 45 at 12 n.7; ECF 47 at 10 n.2.

The parties, however, disagree on how the remaining factors should be weighed. As explained below, the factors overwhelmingly support a transfer to the Middle District.

---

[2] Plaintiff asserts that UNC-CH "manufactured evidence" to support jurisdiction over the Roe 3 and 4 matters. ECF 47 at 13. This ignores UNC-CH's policies which give it jurisdiction over off-campus matters that have "continuing adverse effects on campus," such as when a student sexually assaults another student. ECF 35-4 at 10.

[3] Though the parties have seemingly different understandings of the word "neutral." Plaintiff argues that a neutral factor should weigh in his favor as the non-movant, ECF 47 at 10 n.2, but cites no legal authority to support this contention, which defies the very meaning of neutral. *See Neutral*, Black's Law Dictionary (11th ed. 2019) ("Not supporting any of the people or groups involved in an argument or disagreement.").

4

### A. Plaintiff's Residency and Choice of Forum Do Not Control When There Is No Substantial Connection Between His Claims and the Western District (Factor 1).

Plaintiff first identified his county of residence in response to Defendants' Motion. ECF 47-1. This fact, which was omitted from Plaintiff's lengthy Complaint, now forms the primary basis for his request that this case stay in the Western District. But Plaintiff's residency should not control when the substantial events giving rise to his claims occurred in the Middle District and when all other applicable factors support a transfer.

While a plaintiff's residency is a fact for consideration, it is not the sole or even the controlling fact when determining the weight given to a plaintiff's choice of venue. As this Court noted in *Sandvik Intell. Prop. A.B. v. Kennametal, Inc.*, the weight of a plaintiff's choice "varies with the significance of the contacts between the venue chosen by plaintiff and the underlying contacts." No. 1:09-CV-163, 2010 WL 1924504, at *6 (W.D.N.C. May 12, 2010) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 635 (E.D. Va. 2003)). As between two districts, transfer to the district with a more substantial connection to the claims is favored. *Id*.

Here, the underlying connections and substantial contacts for this case are in the Middle District. The substantial events giving rise to Plaintiff's claims occurred in the Middle District and the overwhelming majority of the parties, evidence, and fact witnesses are located in the Middle District. These connections and contacts outweigh Plaintiff's choice of forum, tilting this factor in Defendants' favor. *See Stevens v. Atricure, Inc.*, No. 3:17-cv-00010-MOC-DSC, 2021 WL 4785503 at *1-2 (W.D.N.C. Oct. 12, 2021) (transferring case to the district where the operative events occurred and where the bulk of witnesses and evidence were located).

### B. No Defendant Resides in the Western District (Factor 2).

As explained above and in Defendants' prior briefing, the UNC System does not reside in this District. ECF 33 at 9; ECF 35 at 9-10; ECF 45 at 2, 7. And no other Defendant resides in this District. *Id.*

Plaintiff's policy argument that the case should not be transferred based on the sheer volume of defendants in the Middle District only highlights the suspect inclusion of the UNC System as a Defendant in the first place. The UNC System is the only Defendant that Plaintiff contends resides in the Western District. And Plaintiff alleged just one claim against the UNC System under 28 U.S.C. §1983. ECF 1 at 120. Plaintiff does not contest that his §1983 claim against the UNC System is subject to dismissal on jurisdictional grounds, as argued in the UNC Defendants' Motion to Dismiss. *Compare* ECF 35 at 25-26, *with* ECF 39. Thus, from a policy perspective, it would be especially odd for this case to stay in the Western District based on a single defendant that likely will have no claims pending against it.

Moreover, even if both Plaintiff and the UNC System reside in the Western District, which Defendants deny, this factor still favors transfer because the vast majority of the parties reside in the Middle District.

### C. No Documentary Evidence Has Been Identified in the Western District (Factor 3).

Plaintiff cites *Advanced Pain Remedies, Inc. v. Advanced Targeting Sys., Inc.*, No. 1:12CV1375, 2013 WL 4039395 (M.D.N.C. Aug. 7, 2013), for the proposition that the "electronic availability of evidence . . . render[s] factor 3 neutral." ECF 47 at 12-13. But Plaintiff's reliance on *Advanced Pain Remedies* is misplaced because that case concerned the first-filed rule. 2013 WL 4039395, at *1-2. Specifically, when deciding to stay the

6

North Carolina case in favor of the first-filed California case, the court noted that there were "sources of proof . . . located in both North Carolina and California, and most documents [wer]e electronically available in either location." *Id.* at *3.

In contrast, here, there is no other action and Plaintiff has not identified any documentary evidence located in the Western District. Thus, *Advanced Pain Remedies* does not undermine the analysis in *Carstar Franchisor SPV LLC v. Roberts*, No. 3:23-CV-00234-FDW-SCR, 2023 WL 4604591, at *4 (W.D.N.C. July 18, 2023). Moreover, Plaintiff cannot avoid *Carstar Franchisor SPV* by assuming there will be no records custodian in this case as it is far too early to make that determination.

Accordingly, this factor supports a transfer. And even if Plaintiff is correct that this factor is neutral, Plaintiff has not identified any factor that weighs in his favor.

### D. The Western District Lacks Compulsory Process Over Potential Witnesses and Plaintiff Has Not Shown There Are Any Fact Witnesses in the Western District (Factor 4).

Plaintiff assumes that all non-party UNC-CH employees who may serve as fact witnesses would also qualify as officers of UNC-CH under Rule 45(c)(1)(B)(i). ECF 47 at 17-18. Plaintiff cites not legal authority to support this position. In contrast, there is authority showing that Rule 45(c) cannot be used to compel the attendance of non-officer employees. *Cirillo v. Citrix Sys. Inc.*, No. 320CV00540RJCDSC, 2021 WL 308597, at *7-8 (W.D.N.C. Jan. 29, 2021). Indeed, in *Cirillo*, the defendant's Raleigh-based employees could not be compelled to testify in a case filed in this Court's Charlotte Division. *Id.* at *7-9 (transferring case from the Western to the Eastern District of North Carolina under 28 U.S.C. §1404(a)).

7

On top of that, Plaintiff assumes that all such employees could be deposed virtually and that this Court would accept *de bene esse* depositions from those witnesses at trial. ECF 47 at 17-18.[4] Again, Plaintiff provides no support for these assumptions.

Plaintiff's only other argument hinges on his assertion that relevant student witnesses reside in the Western District. ECF 47 at 18. There is, however, no support for this assertion in the Complaint or Plaintiff's newly filed Declaration.

In sum, Plaintiff has failed to show that this Court would have compulsory process over any relevant non-party witnesses if this case were to stay in this District. Thus, this factor too weighs in favor of a transfer to the Middle District, where UNC-CH's employees are predominantly located.

### E. Moving This Case to the Middle District Will Make the Trial Easier and More Expeditious and Inexpensive (Factor 8).

Here, again, Plaintiff relies on unsupported assumptions that this case will not require records custodians and that virtual and *de bene esse* depositions will be permitted. As before, such assertions are unfounded at this stage.

Further, Plaintiff's insistence that keeping this case in the Western District will only create a small increase in gas expenses is wrong. ECF 47 at 19. The three-and-a-half-hour drive from Chapel Hill to Asheville likely will require hotel stays for parties appearing at trial. And this burden will be largely born by UNC-CH, a stated-funded, public university. Locating the trial close to where the largest number of witnesses reside–in this case, Chapel Hill–is the best way to keep costs down for all parties. This

---

[4] There is also a split of authority on whether Rule 43, permitting virtual testimony from a different location, may serve as a "runaround" of Rule 45's geographic limits on subpoena power. Wright & Miller, 9A Fed. Prac. & Proc. Civ. §2461 (3d ed.).

8

will also allow for easier adjustments when hearing or trial days run long and when witnesses intended for one day need to be moved to another day.

Thus, this factor favors Defendants as well.

### F. The Middle District Has a Significant Interest in Hearing This Case (Factor 10).

Plaintiff argues that the Middle District has no greater interest in hearing this case than the Western District and, therefore, this factor is neutral. ECF 47 at 21. Even if Plaintiff were right, he still has not identified any factor that weighs in his favor.

In any event, Plaintiff is incorrect. "[L]itigation should take place in the federal judicial district or division with the closest relationship to the operative events." *Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 804 (M.D.N.C. 2008). As explained here and in Defendants' prior briefing, this case is inexorably tied to the Middle District. Thus, that is where this case should be heard.

## CONCLUSION

For all these reasons, Defendants respectfully request that the Court transfer this case to the Middle District of North Carolina.

This 18th day of September, 2023.

JOSH STEIN
Attorney General

/s/ Kimberly D. Potter
Kimberly D. Potter
Special Deputy Attorney General
NC State Bar No. 24314
kpotter@ncdoj.gov

/s/ Adrina G. Bass

9

Adrina G. Bass
Special Deputy Attorney General
NC State Bar No. 39521
abass@ncdoj.gov

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
Assistant Attorney General
NC State Bar No. 26235
jlindsley@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorney for Defendants*


/s/ Marla S. Bowman
Marla S. Bowman
N.C. Bar No. 49097
marla_bowman@unc.edu
Office of University Counsel
University of North Carolina
at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105
Tel: (919) 962-1219

*Attorney for Defendant the University
of North Carolina at Chapel Hill*

10

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR CHANGE OF VENUE with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This 18th day of September, 2023.

/s/ Jeremy D. Lindsley

Jeremy D. Lindsley
Assistant Attorney General