IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO: 1:23-CV-00041

| | |
|---|---|
| JACOB DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.<br><br>Defendants. | **DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## TABLE OF CONTENTS

INTRODUCTION ........ 1

BACKGROUND ........ 2

STANDARD OF REVIEW ........ 3

ARGUMENT ........ 3

I. Plaintiff's Motion Is Not Narrowly Tailored to the Defendant Who Can Provide the Relief He Seeks. ........ 3

II. Plaintiff Is Not Likely to Succeed on the Merits of His Title IX Claim Against UNC-CH. ........ 5

III. Plaintiff's Proposed TRO Does Not Comply with Rule 65(d). ........ 6

CONCLUSION ........ 9

## INTRODUCTION

Plaintiff Jacob Doe seeks a temporary restraining order and preliminary injunction that would preclude Defendants from disclosing information about his disciplinary proceedings at the University of North Carolina at Chapel Hill ("UNC-CH") under the North Carolina Public Records Act. Plaintiff is not entitled to this extraordinary relief for at least three reasons.

**First,** Plaintiff's Motion, ECF 49, is not narrowly tailored to the Defendants who could provide the relief he seeks. Namely, Plaintiff seeks an injunction against *all* Defendants. But Plaintiff has not shown that all Defendants are subject to the Public Records Act, or that any Defendant other than UNC-CH has received a public records request concerning Plaintiff.

**Second,** Plaintiff does not meet the requirements for injunctive relief because he is not likely to succeed on the merits of his Title IX claim. UNC-CH moved to dismiss Plaintiff's Title IX claim for failure to sufficiently allege gender discrimination, among other things. *See* ECF 34, 35, 42. Because Plaintiff's Title IX claim should be dismissed, Plaintiff is not likely to succeed on that claim.

**Third,** Plaintiff's proposed TRO, ECF 49-1, does not comply with Rule 65(d). The restraint in part (i) is not limited to disclosures under the Public Records Act. The directive to *all* individuals in part (ii) would implicate UNC-CH employees who have nothing to do with this matter or Public Records Act disclosures. And the instruction to media outlets in part (iii) ignores the fact that UNC-CH does not control the media and cannot prohibit third parties from publishing or disclosing information.

Accordingly, Plaintiff's Motion should be denied.

## BACKGROUND

Plaintiff filed this suit against UNC-CH, the University of North Carolina, and several individuals employed or contracted by UNC-CH after he was expelled for violating UNC-CH's policy prohibitions on sexual misconduct.

This Court granted Plaintiff permission to proceed under a pseudonym, finding that "Plaintiff has a strong interest in anonymity because of the extremely sensitive nature of the allegations made against him." ECF 41 at 7.

Defendants have moved to dismiss Plaintiff's Complaint, ECF 32, 34, and moved for a transfer of venue, ECF 44. These motions are still pending.

Here, Plaintiff seeks injunctive relief to preclude the public disclosure of his name under *DTH Media Corp. v. Folt*, 374 N.C. 292, 841 S.E.2d 251 (2020), *cert. denied Guskiewicz v. DTH Media Corp.*, 141 S. Ct. 1126 (2021). ECF 51 at 5.

In *DTH*, the North Carolina Supreme Court determined that the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g, does not preempt the North Carolina Public Records Act, N.C. Gen Stat. §132-1 *et seq*, and that "as an agency of the state, UNC-CH must comply with the North Carolina Public Records Act and allow . . . access to the name of the student, the violation committed, and any sanction imposed by the University on that student" in response to public records requests. *DTH*, 374 N.C. at 309-10, 841 S.E.2d at 263. Thus, UNC-CH's obligations under *DTH* would require the disclosure of Plaintiff's name absent action from this Court. *See* N.C. Gen. Stat. §132-11(c).

As explained below, Plaintiff is not entitled to the relief he seeks from this Court.

## STANDARD OF REVIEW

Temporary restraining orders and preliminary injunctions require the same analysis. *Ospina v. Baraya*, No. 3:21-CV-00640-FDW-DSC, 2021 WL 6337773, at *1 (W.D.N.C. Dec. 17, 2021). Both are "extraordinary remedies involving the exercise of very far-reaching power." *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013) (cleaned up). Temporary injunctive relief should only be awarded when a plaintiff shows they are (1) likely to succeed on the merits, (2) likely to suffer irreparable harm, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must clearly establish their entitlement to this relief. *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

## ARGUMENT

Plaintiff's Motion should be denied because (1) it is not narrowly tailored to the appropriate Defendant, (2) he is not likely to succeed on the merits of his Title IX claim, and (3) his proposed TRO is overbroad and outside the bounds of Rule 65(d).

### I. Plaintiff's Motion Is Not Narrowly Tailored to the Defendant Who Can Provide the Relief He Seeks.

An injunctive "order must be tailored as precisely as possible to the exact needs of the case." *CPC Int'l, Inc. v. Skippy Inc.*, 214 F.3d 456, 461 (4th Cir. 2000); *see, e.g.*, *Nat'l Audubon Soc'y v. Dep't of Navy*, 422 F.3d 174, 181 (4th Cir. 2005) (stating "the injunction issued by the district court was overly broad" and remanding "with instructions to narrow the injunction"). "Absent this narrowing, … [an] injunction[ ] will not survive appellate review." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004).

Plaintiff seeks injunctive relief against *all* Defendants. ECF 49. But Plaintiff has only shown that UNC-CH received a public records request that would require the disclosure of his true name. ECF 50 ¶12. There is no live issue as to any potential public disclosure of Plaintiff's true name by any other Defendant.[1] And Plaintiff has not shown that any Defendant, but UNC-CH, is subject to the Public Records Act. Indeed, only "agencies of the North Carolina government" are subject to the Public Records Act—it does not apply to individuals. *See* N.C. Gen. Stat. §132-1(b). Thus, Plaintiff goes too far in seeking injunctive relief against all Defendants.

Further, Plaintiff focuses exclusively on his Title IX claim in seeking injunctive relief. ECF 51 at 18-25. He argues that he is entitled to an injunction because he is likely to succeed on the merits of his Title IX claim. *Id.* But that claim is only alleged against UNC-CH. ECF 1 at 134. And Plaintiff does not argue that he is likely to succeed on the merits of any other claim alleged against any other Defendant.

Accordingly, the Court's analysis should be limited to whether an injunction should issue against UNC-CH. No other Defendant is implicated in the potential public disclosure issue presented in Plaintiff's Motion.

---

[1] Further, *DTH* concerned the disclosure of only limited information under FERPA. *DTH*, 374 N.C. at 298-03, 841 S.E.2d at 256-59. Specifically, "the name of the student, the violation committed, and any sanction imposed by the institution on that student." *See id.* at 305, 841 S.E.2d at 260 (quoting and discussing 20 U.S.C. §1232g(b)(6)(C)). FERPA's other protections of student education records remain in effect.

## II. Plaintiff Is Not Likely to Succeed on the Merits of His Title IX Claim Against UNC-CH.

Each of the four factors from *Winter* must be satisfied before a court can issue an injunction. *Henderson for NLRD. v. Bluefield Hosp. Co*., 902 F.3d 432, 439 (4th Cir. 2018) (citing *Winter*, 555 U.S. at 20); *see also Pashby*, 709 F.3d at 320 ("[I]n light of *Winter*, this Court recalibrated that test, requiring that each injunction factor be satisfied as articulated." (quotation omitted)). Plaintiff cannot satisfy all four factors because he is not likely to succeed on the merits of his Title IX claim against UNC-CH.[2]

Again, Plaintiff has only argued that he is likely to succeed on the merits of his Title IX claim, ECF 51 at 18-25, and that claim is only alleged against UNC-CH, ECF 1 at 134. Plaintiff's argument, however, ignores UNC-CH's Motion to Dismiss and supporting Briefs, which argued that Plaintiff's Title IX claim should be dismissed. ECF 34, 35, 42. Defendants incorporate those arguments by references to show that Plaintiff is not likely to succeed on his Title IX claim.[3]

As a brief summary, Plaintiff's Title IX claim is not likely to succeed because Plaintiff failed to sufficiently allege gender bias as required by binding Fourth Circuit precedent. A plaintiff must adequately plead "'but-for' causation"— "that is, a causal link between the student's sex and the university's challenged disciplinary proceeding." *Sheppard v. Visitors of Va. State Univ*., 993 F.3d 230, 236-37 (4th Cir. 2021). Plaintiff has not done that.

---

[2] Defendants take no position in this brief on the other three *Winter* factors and are mindful of the Court's prior findings in the Pseudonym Order, ECF 41.

[3] All Defendants have moved to dismiss Plaintiff's Complaint. ECF 32-35, 42-43. Plaintiff is not likely to succeed on the merits of any other claim for the reasons included in Defendants' other briefing, which is incorporated herein by reference.

Instead, Plaintiff disagrees with the outcome of UNC-CH's process and posits that the only possible explanation for those outcomes is gender discrimination. This ignores the fact that the same UNC-CH process twice found in his favor. Plaintiff cannot substitute gender bias as the reasoning for UNC-CH's decision-making when he has alleged no facts showing that he was treated differently *because of* his gender.

Accordingly, Plaintiff is not likely to succeed on his Title IX claim and thus that claim cannot form the basis for temporary injunctive relief.

## III. Plaintiff's Proposed TRO Does Not Comply with Rule 65(d).

Rule 65(d) of the Federal Rules of Civil Procedure states that every injunction and restraining order must: "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). It further states that the order binds only: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." *Id.* 65(d)(2).

"[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *CPC Int'l*, 214 F.3d at 459 (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)).

Plaintiff's proposed TRO, ECF 49-1, is overbroad and lacks the specificity required by Rule 65(d). Without further tailoring, the proposed TRO would cause substantial confusion and compliance would be nearly impossible.

**First,** part (i) of Plaintiff's requested relief is not reasonably tied to Plaintiff's stated reason for seeking injunctive relief. Specifically, part (i) asks for Defendants to be "restrained and enjoined from releasing or disclosing *any information* concerning the disciplinary proceedings that are the subject of this lawsuit." ECF 49-1 at 2 (emphasis added). As discussed above, UNC-CH is the only Defendant to have received a public records request concerning Plaintiff.

Further, the only information disclosure at issue is that under the Public Records Act. But part (i) is not limited to Public Records Act disclosures. Instead, it would preclude UNC-CH from releasing or disclosing any information about Plaintiff's disciplinary proceedings under circumstances that are not yet known or at issue. This broad non-disclosure requirement could even preclude the sharing of information as needed among counsel and parties for this case, or with this Court.

The overbreadth of part (i) also disregards the scope of *DTH*, which specifically concerned the disclosure of "the name of the student, the violation committed, and any sanction imposed by the University on that student." *DTH*, 374 N.C. at 310, 841 S.E.2d at 263; *see also* 20 U.S.C. §1232g(b)(6). The scope of this disclosure is far narrower than Plaintiff's requested prohibition against "disclosing *any information* concerning the disciplinary proceedings that are the subject of this lawsuit." And Plaintiff's request ignores that FERPA continues to protect student education records that were not at issue *DTH*.

**Second,** part (ii) is not limited to only those UNC-CH employees who have knowledge of Plaintiff's disciplinary proceedings or who are involved in public records disclosures. Specifically, part (ii) asks for Defendants to "direct *all* individuals, including but not limited to employees and students, over whom they exercise control to refrain

from publishing or disclosing any information concerning Plaintiff, the disciplinary proceedings, or the outcomes of such proceedings." ECF 49-1 at 2 (emphasis added).

Assuming this proposed directive is limited to just UNC-CH, and not all Defendants, UNC-CH employs thousands of individuals. Thus, part (ii) would require UNC-CH to direct thousands of individuals who know nothing about this matter and who play no part in public records disclosures. Directing all those individuals to not disclose anything about Plaintiff would only inform more people about Plaintiff and his disciplinary proceedings, thus creating the very harm he seeks to avoid.[4]

**Third,** part (iii) would require UNC-CH to "inform any media outlet, or any other third party . . . that they are prohibited from publishing any information concerning Plaintiff." ECF 49-1 at 2. Plaintiff has not identified any legal authority that supports this broad restriction, and he likewise has not shown that UNC-CH has any authority to instruct the media or third parties in this manner. Indeed, Rule 65(d)(2)(C) recognizes that an order can only bind "persons who are in active concert or participation with" UNC-CH. Plaintiff has not shown such a relationship exists between UNC-CH, and media outlets or otherwise unidentified third parties.

Accordingly, Plaintiff's proposed TRO is not properly limited under Rule 65(d). And for this reason too, Plaintiff is not entitled to the injunctive relief he seeks.

---

[4] This directive also likely would conflict with the restraint on any information disclosures in part (i) of the proposed TRO. And for this directive to have any meaning to individuals unfamiliar with this matter, UNC-CH would have to use Plaintiff's true name and not the pseudonym Jacob Doe.

# CONCLUSION

For all these reasons, the Court should deny Plaintiff's Motion for Temporary Restraining Order and Permanent Injunction.

This 9th day of October, 2023.


JOSHUA H. STEIN
Attorney General

/s/ Kimberly D. Potter
Kimberly D. Potter
Special Deputy Attorney General
NC State Bar No. 24314
kpotter@ncdoj.gov

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
Assistant Attorney General
NC State Bar No. 26235
jlindsley@ncdoj.gov

/s/ Adrina G. Bass
Adrina G. Bass
Special Deputy Attorney General
NC State Bar No. 39521
abass@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764
*Attorneys for Defendants*

/s/ Marla S. Bowman
Marla S. Bowman
N.C. Bar No. 49097
marla_bowman@unc.edu

Office of University Counsel
University of North Carolina
at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105

Tel: (919) 962-1219

*Attorney for Defendant the University of North Carolina at Chapel Hill*

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This 9th day of October, 2023.

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
Assistant Attorney General
NC State Bar No. 26235
jlindsley@ncdoj.gov
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorneys for Defendants*