UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:23-cv-00041-MOC

| | | |
|---|---|---|
| **JACOB DOE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | TEMPORARY RESTRAINING |
| | ) | ORDER |
| | ) | |
| **THE UNIVERSITY OF NORTH CAROLINA** | ) | |
| **SYSTEM, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Temporary Restraining

Order and Motion for a Preliminary Injunction. (Doc. No. 49).

Plaintiff initiated this civil suit on February 15, 2023, seeking a reversal of his expulsion

from The University of North Carolina ("UNC") system. (Doc. No. 4). At the same time,

Plaintiff sought a temporary restraining order and preliminary injunction (i) prohibiting

Defendants from disclosing information related to disciplinary proceedings against Plaintiff at

UNC; (ii) requiring Defendants to direct individuals under their control to refrain from disclosing

any information concerning Plaintiff or the relevant proceedings; and (iii) requiring UNC to

inform any third party that receives information covered in the order and injunction that they are

prohibited from publishing that information. (Doc. Nos. 4, 14). On February 16, the day after

requesting a restraining order and preliminary injunction, Plaintiff's counsel learned that

Defendant UNC "had not received any record requests concerning the Plaintiff that necessitated

-1-

the issuing of a TRO." (Doc. No. 50). The parties subsequently agreed that Plaintiff would without prejudice withdraw his restraining order and preliminary injunction motions. (Id.).

Unaware of this agreement between the parties, and before Plaintiff withdrew his motions, the Court on February 22 granted Plaintiff's proposed restraining order and scheduled a show cause hearing on the preliminary injunction. (Doc. No. 14). Later that day, Plaintiff filed a Notice of Withdrawal of Motion Without Prejudice and Joint Request for Dissolution of TRO and Cancellation of Hearing. (Doc. No. 15). On March 1, the Court dissolved the restraining order and canceled the preliminary injunction hearing. (Doc. No. 19).

On October 4, counsel for Defendant UNC informed Plaintiff's counsel that Defendant had received a public records request seeking the disclosure of Plaintiff Doe's true name.[1] In response, Plaintiff renewed his motion for a temporary restraining order and preliminary injunction. (Doc. No. 49). Defendant UNC filed a response in opposition shortly thereafter. (Doc. No. 53). The ACLU of North Carolina Legal Foundation and Freedom of the Press Foundation sought and were granted leave to file an *amicus* brief in opposition to Plaintiff's restraining order and injunction motions. (Doc. Nos. 54–55). This Court held a hearing on Plaintiff's motions and Defendant's response on October 10.

The Court will grant Plaintiff's renewed Motion for Temporary Restraining Order on the same grounds that Chief Judge Reidinger saw fit to grant it eight months ago:

> The Court may issue a temporary restraining order without notice to the adverse party only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to

---

[1] On July 13, the Court granted Plaintiff's Motion to Proceed under Pseudonym. (Doc. No. 41).

the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). To obtain temporary injunctive relief, a plaintiff must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) injunctive relief is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). A plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

Upon careful review of the pleadings, the Court finds that there is no substantial potential prejudice to the Defendants in maintaining the status quo during that short period of time until a hearing can be held on the Plaintiff's request for preliminary injunctive relief. Further, there is a probability of irreparable harm to the Plaintiff should the requested relief not be granted. As the balance of hardships and equities as to this discreet point of the disclosure of information over this short period of time tips decidedly in the Plaintiff's favor, the Plaintiff's request for a temporary restraining order is granted.

-3-

(Doc. No. 14). In granting such relief, this Court, like Chief Judge Reidinger, "expresses no opinion regarding the merits of Plaintiff's claims or his request for the entry of a preliminary injunction." (Id.).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for a Temporary Restraining Order is **GRANTED**. Pursuant to FED. R. CIV. P. 65(b)(2), temporary restraining orders issued without notice expire within fourteen days of their entry unless "the court, for good cause, extends [the order] for a like period, or the adverse party consents to a longer extension."[2] Chief Judge Reidinger, the presiding Judge in this case, will be out of chambers until the end of October, i.e., longer than fourteen days. This Court will likely find good cause to extend the restraining order until Chief Judge Reidinger's return. The Court plans to enter an extension of the restraining order for an additional fourteen days on October 22 unless Defendant UNC consents to a different extension.

**IT IS FURTHER ORDERED** that Defendant UNC shall appear before the United States District Court for the Western District of North Carolina, located at 100 Otis St., Asheville, North Carolina 28801, at a date and time to be determined by Chief Judge Reidinger, and **SHOW CAUSE** why Defendant should not be enjoined from any disclosure of Plaintiff John Doe's name and disciplinary records to the press and the public until a final determination is made in this federal lawsuit.

**IT IS FURTHER ORDERED** that pending a determination of the Plaintiff's Motion for Preliminary Injunction, Defendant UNC is hereby restrained and enjoined from releasing or

---

[2] Rule 65(b)(2) applies to "[e]very temporary restraining order issued without notice[.]" FED. R. CIV. P. 65(b)(2). But Defendant UNC had notice of Plaintiff's restraining order motion and filed briefs and presented argument opposing entry of this order. It is thus not clear that Rule 65(2)(b) governs this order at all.

disclosing any information concerning the disciplinary proceedings that are the subject of this lawsuit. The Court finds that no security shall be required under Rule 65(c).

**SO ORDERED this the 10th Day of October at 3:15 pm.**

Max O. Cogburn Jr
United States District Judge

Signed: October 10, 2023

-5-