UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:23-cv-00041-MOC

| | |
|---|---|
| JACOB DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) **Order** |
| | ) |
| THE UNIVERSITY OF NORTH CAROLINA SYSTEM, ET AL., | ) |
| | ) |
| Defendants. | ) |

### ORDER EXTENDING TEMPORARY RESTRAINING ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction. (Doc. No. 49).

Plaintiff initiated this civil suit on February 15, 2023, seeking a reversal of his expulsion from The University of North Carolina ("UNC") system. (Doc. No. 4). At the same time, Plaintiff sought a temporary restraining order and preliminary injunction (i) prohibiting Defendants from disclosing information related to disciplinary proceedings against Plaintiff at UNC; (ii) requiring Defendants to direct individuals under their control to refrain from disclosing any information concerning Plaintiff or the relevant proceedings; and (iii) requiring UNC to inform any third party that receives information covered in the order and injunction that they are prohibited from publishing that information. (Doc. Nos. 4, 14). On February 16, the day after requesting a restraining order and preliminary injunction, Plaintiff's counsel learned that Defendant UNC "had not received any record requests concerning the Plaintiff that necessitated

the issuing of a TRO." (Doc. No. 50). The parties subsequently agreed that Plaintiff would without prejudice withdraw his restraining order and preliminary injunction motions. (Id.).

Unaware of this agreement between the parties, and before Plaintiff withdrew his motions, the Court on February 22 granted Plaintiff's proposed restraining order and scheduled a show cause hearing on the preliminary injunction. (Doc. No. 14). Later that day, Plaintiff filed a Notice of Withdrawal of Motion Without Prejudice and Joint Request for Dissolution of TRO and Cancellation of Hearing. (Doc. No. 15). On March 1, the Court dissolved the restraining order and canceled the preliminary injunction hearing. (Doc. No. 19).

On October 4, counsel for Defendant UNC informed Plaintiff's counsel that Defendant had received a public records request seeking the disclosure of Plaintiff Doe's true name.[1] In response, Plaintiff renewed his motion for a temporary restraining order and preliminary injunction. (Doc. No. 49). Defendant UNC filed a response in opposition shortly thereafter. (Doc. No. 53). The ACLU of North Carolina Legal Foundation and Freedom of the Press Foundation sought and were granted leave to file an *amicus* brief in opposition to Plaintiff's restraining order and injunction motions. (Doc. Nos. 54–55). This Court held a hearing on Plaintiff's motions and Defendant's response on October 10. The Court granted Plaintiff's temporary restraining order that same day. (Doc. No. 57).

Pursuant to FED. R. CIV. P. 65(b)(2), temporary restraining orders issued without notice expire within fourteen days of their entry unless "the court, for good cause, extends [the order] for a like period, or the adverse party consents to a longer extension." In the October 10 Order, this Court indicated that it planned to extend the order for an additional fourteen days unless Defendant UNC consented to a different extension. Defendant UNC has not done so. Chief

---

[1] On July 13, the Court granted Plaintiff's Motion to Proceed under Pseudonym. (Doc. No. 41).

Judge Reidinger, the presiding Judge in this case, will be out of chambers until the end of October. The Court finds good cause to extend the restraining order until Chief Judge Reidinger's return.

**IT IS, THEREFORE, ORDERED** that the Temporary Restraining Order entered on October 10, 2023 (Doc. No. 57) is **EXTENDED** for an additional fourteen days.

**IT IS FURTHER ORDERED** that Defendant UNC shall appear before the United States District Court for the Western District of North Carolina, located at 100 Otis St., Asheville, North Carolina 28801, at a date and time to be determined by Chief Judge Reidinger, and **SHOW CAUSE** why Defendant should not be enjoined from any disclosure of Plaintiff John Doe's name and disciplinary records to the press and the public until a final determination is made in this federal lawsuit.

**SO ORDERED.**

Signed: October 25, 2023

Max O. Cogburn Jr.
United States District Judge