UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JACOB DOE<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.<br><br>Defendants. | No. 1:23-cv-00041 |

## ACLU OF NORTH CAROLINA LEGAL FOUNDATION'S AND FREEDOM OF THE PRESS FOUNDATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT AMENDED *AMICI CURIAE* BRIEF

*Amici curiae* American Civil Liberties Union of North Carolina Legal Foundation (ACLU-NCLF) and Freedom of the Press Foundation (FPF) move this Court for leave to amend *amici*'s already accepted brief opposing Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF 45) (hereinafter "TRO/PI Motion"). *Amici*'s proposed amended brief contains the same arguments as their original brief, but is updated to reflect this Court's entry of a TRO on October 10,

1

2023 and intervening Fourth Circuit authority in *Doe v. Doe*, 85 F.4th 206 (4th Cir. Oct. 26, 2023).

## BACKGROUND

If granted, Plaintiff's proposed PI would restrain and prohibit third parties, including unnamed University of North Carolina (UNC) students, UNC employees, and members of the media, from disclosing or publishing "any information concerning Plaintiff, the disciplinary proceedings [concerning allegations of sexual assault against Plaintiff], or the outcomes of such proceedings." ECF 49 at 1-2.

The proposed PI, as well as the TRO currently in effect in this matter, raise significant concerns for *amici*, two non-profit organizations with significant involvement and expertise in litigating First Amendment and public records issues. ACLU-NCLF is a non-profit organization dedicated to advancing the civil rights of all North Carolinians. (ECF 16-2 ¶ 2). ACLU-NCLF regularly engages in advocacy and litigation relating to governmental transparency, and to protect the First Amendment rights of North Carolinians. *Id.* ¶¶ 2-3. FPF is a non-profit organization dedicated to protecting and empowering public-interest journalism. (ECF 16-3 ¶ 2). FPF regularly writes about and

participates in legal proceedings to oppose legislation and judicial orders that violate the First Amendment and undermine press freedoms, including gag orders, court sealings and prior restraints. *Id.* ¶¶ 3-5. Additionally, both *Amici* have previously raised constitutional questions related to the sealing of records and an earlier, identical TRO/PI sought by Plaintiff in this case (s*ee* ECF 16, 17).

*Amici*'s original brief urging denial of Plaintiff's PI/TRO Motion was accepted by the Court on October 10, 2023. (Text Order). The Court then entered a TRO on October 11, 2023. (ECF 57). In light of an upcoming November 21 hearing on Plaintiff's request for a PI, *amici* seek to amend their already-accepted brief to address the TRO entered by the Court, as well as the Fourth Circuit's intervening decision in *Doe v. Doe*, 85 F.4th 206 (4th Cir. 2023).

## ARGUMENT

This Court has the discretion to accept amicus briefs that may assist its decision-making. "Courts should be receptive to potential amici who have a special interest in the case and who can provide timely and useful legal theories." *Reynolds v. United States Gov't*, No. 7:22-CV-00178-FL, 2023 WL 5826901, at *5 (E.D.N.C. July 21, 2023),

3

*report and recommendation adopted*, No. 7:22-CV-178-FL, 2023 WL 5350566 (E.D.N.C. Aug. 21, 2023) (internal quotations omitted). *See also Democracy N. Carolina v. N. Carolina State Bd. of Elections*, No. 1:20CV457, 2020 WL 6589358, at *1 (M.D.N.C. July 8, 2020) (accepting amicus brief where amicus "demonstrated a special interest in the outcome of the suit . . . [and] that the matters discussed in the brief are relevant to the case's disposition, and that the motion is timely").

Because "there is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court . . . district courts therefore have broad discretion[.]" *American Humanist Ass'n v. Maryland-National Capital Park and Planning Com'n*, 303 F.R.D. 266, 269 (D. Md. 2014). Additionally, courts have discretion to allow supplemental briefing. *See Barrow v. Colvin*, 4:14-CV-137-FL, 2016 WL 632446, at *1 (E.D.N.C. Feb. 17, 2016) (granting motion for leave to file supplemental briefing in light of intervening Fourth Circuit decision). *Amici* seek to amend their brief to discuss concerns regarding the overbreadth of the TRO entered by the Court on October 11, 2023, as well as *Doe v. Doe*, 85 F.4th 206 (4th Cir. 2023), in which the Fourth Circuit discussed the importance of balancing a

4

litigant's interest in anonymity with the public interest in access to information.

As noted above, *amici* have special interests in the defense of First Amendment rights, particularly as applicable to the press and others who wish to discuss and publish on matters of public concern. *Amici*'s brief focuses on the First Amendment rights of the media, as well as UNC students and employees and other third parties impacted by Plaintiff's proposed PI and the TRO entered by the Court. In their brief, *Amici* argue that the requested relief is an unconstitutional prior restraint that would undermine the First Amendment rights of these third parties. They also argue that the relief requested is beyond the scope permitted by Federal Rule of Civil Procedure 65(d) because Plaintiff is attempting to limit the speech of broad categories of undifferentiated individuals, none of whom have been identified as acting in concert with Defendants. Finally, *amici* argue that the Fourth Circuit's newly-issued decision in *Doe* calls for a more rigorous examination of Plaintiff's claimed interest in anonymity, weighing the public's right to information under the state's public records act, the First Amendment presumption that court

5

proceedings shall be open and accessible to the public, and Plaintiff's decision to share numerous identifying details in his Complaint.

Accordingly, *amici* contend that the proposed injunctive relief would be contrary to the public interest. *Amici's* focus on the constitutional rights of third parties distinguishes their arguments from those made by Defendants in response to Plaintiff's Motion. *Amici* submit this brief prior to the November 21 hearing on Plaintiff's PI Motion, and their perspective may be helpful to the Court in determining the proper scope of any preliminary injunctive relief.

## **CONCLUSION**

For the reasons stated above, this Court should grant *amici's* Motion for Leave and consider their brief in reviewing Plaintiff's request for a PI.

Respectfully submitted this 15th day of November, 2023 by:

**ACLU OF NORTH CAROLINA LEGAL FOUNDATION**

/s/ Kristi L. Graunke*
Kristi L. Graunke
N.C. State Bar No. 51216
Ivy Johnson
N.C. State Bar. No. 52228
P.O. Box 28004
Raleigh, NC 27611
Tel.: (919) 354-5066
kgraunke@acluofnc.org
ijohnson@acluofnc.org

*Counsel for Amici Curiae ACLU-NCLF and Freedom of the Press Foundation*

*\*Counsel of record*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was on this day filed in in the Western District of North Carolina using the Clerk's CM/ECF system, which will send notification of this filing to counsel for the parties.

Signed this 15th day of November, 2023

/s/ Kristi Graunke