IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00041-MR

| | |
|---|---|
| JACOB DOE, ) </br> ) </br>     Plaintiff, ) </br> ) </br>  vs. ) </br> ) </br> THE UNIVERSITY OF NORTH ) </br> CAROLINA SYSTEM, et al. ) </br> ) </br>     Defendants. ) </br> ) </br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Stay Pending Appeal [Doc. 70].

**I. BACKGROUND**

The Plaintiff Jacob Doe, a former student of the University of North Carolina at Chapel Hill ("UNC-CH"), brings this action asserting federal claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972 ("Title IX"), as well as various state law claims, challenging the handling of the disciplinary proceedings brought against him based on allegations of sexual misconduct. [See Doc. 1]. In his Verified Complaint, Plaintiff names as Defendants the UNC System, UNC-CH, the UNC Board of Trustees, the

UNC Board of Governors, the UNC-CH Chancellor, the Interim Head of UNC-CH's Equal Opportunity and Compliance Office, UNC-CH Title IX investigators, the Director of Report and Response in UNC-CH's Equal Opportunity and Compliance Office, a UNC-CH hearing officer, and the UNC-CH Dean of Students. [Id.].

The Defendants moved to dismiss the Plaintiff's claims. [Docs. 32-35]. In so moving, the Defendants asserted the defenses of Eleventh Amendment immunity, sovereign immunity, and qualified immunity with respect to the Plaintiff's § 1983 claims and state law claims. [See Docs. 32, 34]. UNC-CH challenged the Plaintiff's Title IX claim only on the grounds that the Plaintiff had failed to state a claim upon which relief can be granted. [Doc. 34].

On March 4, 2024, the Court granted in part and denied in part the Defendants' Motions to Dismiss. [Doc. 65]. Specifically, the Court granted the Motions with respect to the Plaintiff's claims for negligent hiring, supervision, and retention and for intentional infliction of emotional distress. [Id. at 46-47]. In all other respects, the Motions were denied. Specifically, the Court denied UNC-CH's motion to dismiss the Plaintiff's Title IX claim pursuant to Rule 12(b)(6), and it declined to dismiss the Plaintiff's other claims on the basis of sovereign immunity, Eleventh Amendment immunity, and qualified immunity, concluding that the Defendants had not established

2

Case 1:23-cv-00041-MR   Document 74   Filed 04/10/24   Page 2 of 7

that they are entitled to such immunities at this stage of the proceedings. [Id. at 25-26, 32-33, 35].

On April 2, 2024, the Defendants filed a timely Notice of Appeal of those parts[1] of the Court's Order denying the Defendants' Motions to Dismiss. [Doc. 68]. The following day, the Defendants filed the present motion, seeking a stay of these proceedings pending resolution of their appeal in the Court of Appeals. [Doc. 70].

## II. STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). When considering a motion to stay, a court must balance "various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket."

---

[1] In the Order, the Court also denied a motion for change of venue filed by the Defendants.

Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (citation and internal quotation marks omitted).

## III. DISCUSSION

To the extent that this Court's Order denied the Defendants' Motions to Dismiss on the grounds of qualified immunity, sovereign immunity, and Eleventh Amendment immunity, such Order is immediately appealable under the collateral order doctrine. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (holding that denial of qualified immunity is appealable final decision to the extent that the availability of the defense turns on a question of law); see also Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 766 (noting that sovereign immunity "provides an immunity from suit"); P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (noting that Eleventh Amendment immunity "confers an immunity from suit"). While an interlocutory appeal is pending, a district court generally is "divest[ed] . . . of its control over those aspects of the case involved in the appeal." Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

While the Court may lack jurisdiction as to any issue related to the Defendants' immunity defenses while the interlocutory appeal is pending, such appeal does *not* divest the Court over issues unrelated to those

4

immunity defenses. Regardless of the outcome of the appeal as to the Defendants' immunity defenses, a significant portion of this litigation—namely, the Plaintiff's Title IX claim—will go forward. Thus, even if the Defendants could show that they are likely to succeed on the merits of their appeal regarding the denial of the various immunities that they have asserted, such showing does not weigh in favor of granting a stay of the entire action pending resolution of the appeal.[2]

The Defendants argue that they intend to ask the Fourth Circuit to exercise pendent appellate jurisdiction and review the denial of UNC-CH's Motion to Dismiss the Title IX claim. Even assuming that pendent appellate jurisdiction exists over such claim, the Fourth Circuit's decision to exercise such jurisdiction is "purely discretionary." <u>Clem v. Corbeau</u>, 284 F.3d 543, 549 n.2 (4th Cir. 2002). The Court declines to stay this entire action based on the mere possibility that the Fourth Circuit might exercise its discretion

---

[2] In addition, the Defendants appeal from an Order at the Rule 12(b) stage where the Court must take the Plaintiff's allegations as true. Thus, the question of whether any Defendant is entitled to qualified immunity turns on what may be very different facts from what may be before the Court at summary judgment. It is for that reason that a dismissal based on qualified immunity is rarely granted (and why the Court sees the Defendant's actions in this regard as likely imposed merely for the purposes of delay). Moreover, such procedural posture demonstrates that proceeding with discovery would be efficient during the pendency of the Defendants' appeal.

5

Case 1:23-cv-00041-MR   Document 74   Filed 04/10/24   Page 5 of 7

and review the Court's Order denying the dismissal of this claim under Rule 12(b)(6).[3]

The Defendants contend that, regardless of whether the Fourth Circuit grants review of the Title IX claim, a stay of this action is nevertheless warranted because "[i]t would be impractical to proceed with that one claim while Plaintiff's other five claims are on appeal." [Doc. 71 at 9]. The Court, however, sees no significant impediments in proceeding with the litigation with respect to the Title IX claim while the interlocutory appeal is pending. The parties may conduct discovery regarding the underlying factual issues as they pertain to the Plaintiff's Title IX claim. Such discovery will also likely be applicable to any § 1983 claims or state law claims that remain after the resolution of the appeal. The Defendants fail to explain how proceeding with discovery on these underlying factual issues would be "difficult to administer and potentially duplicative." [Id.].

Finally, the Defendants contend that failing to stay the entire action would result in "the possibility of inconsistent rulings at summary judgment,

---

[3] Even if the Court of Appeals reverses and remands this matter on qualified immunity and Title IX for an order of dismissal, such dismissal may be without prejudice so as to allow the Plaintiff to amend his allegations, since this is at the Rule 12(b)(6) stage. See Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018) (noting that decision to dismiss with or without prejudice under Rule 12(b)(6) is a matter within the court's discretion) (citing Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985)).

and then further risk of conducting two separate trials." [Doc. 71 at 9]. The denial of the Defendant's motion to stay, however, shall be without prejudice. The Defendants are free to renew their request for a stay should their interlocutory appeal not be resolved by the time that this matter is ripe for the filing of dispositive motions.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Stay Pending Appeal [Doc. 70] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: April 10, 2024

Martin Reidinger
Chief United States District Judge