**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO: 1:23-cv-00041-MR**

**JACOB DOE,**

     **Plaintiff,**

**v.**

**THE UNIVERSITY OF NORTH
CAROLINA SYSTEM, et al.,**

     **Defendants.**

## JOINT CONFIDENTIALITY AND PROTECTIVE ORDER

**I.      Introduction.**

It is hereby stipulated by the Parties and ordered by the Court, pursuant to Fed. R. Civ. P. 26(c)(1), as follows:

**II.     Parties to The Protective Order.**

The parties to this Joint Confidentiality and Protective Order ("Protective Order") are Plaintiff Jacob Doe and Defendants the University of North Carolina System ("UNC System"), the Board of Governors of the University of North Carolina ("BOG"), the University of North Carolina at Chapel Hill ("UNC-CH"), and the UNC-CH Board of Trustees ("BOT") (collectively, the "UNC Defendants"), Lee Roberts, Elizabeth Hall, Jeremy Enlow, Beth Froehling, Rebecca Gibson, Jaclyn Feeney, David Elrod, and

Desirée Rieckenberg (collectively, the "Individual Defendants") (all, collectively "Defendants") (Plaintiff and Defendants collectively, the "Parties"). The Parties consent to this Protective order through their counsel of record, each of whom is also bound by this Protective Order: Plaintiff, through Andrew Miltenberg; Stuart Bernstein; and Tara Davis of Nesenoff & Miltenberg, LLP; and Robert Ekstrand of Ekstrand & Ekstrand LLP; and Defendants, through Alex Hagan and Dixie Wells of Ellis & Winters LLP; Jeremy Lindsley; Lindsay Vance Smith; Kimberly Potter; Adrina Greenlee Bass; and Nicholas Scott Brod of the North Carolina Department of Justice; and Defendant UNC-CH through Marla Bowman, Office of University Counsel, University of North Carolina at Chapel Hill. In each instance where this Protective Order refers to the terms "Parties" or "Party" such terms shall also be read to include counsel of record, as well as any other counsel who enters an appearance in the litigation at any time, counsel for any of the Parties even if not of record, and employees and governing officers of the Parties with a need to know of information contained herein.

To the extent that any other person, not specifically identified herein, seeks access to information marked CONFIDENTIAL pursuant to this Protective Order, such person and such person's counsel must first execute the Agreement Concerning Protected Information attached as

Exhibit A hereto ("Confidentiality Agreement"). Further, the employees and contractors of counsel who are working on this case shall be expected to sign this Confidentiality Agreement.

## III. Scope of Protected Information.

Because of the nature and substance of this action, in the course of discovery, much of the information sought and produced by the Parties, and potential third parties, during discovery in this action likely will represent or contain sensitive, confidential, or proprietary business information, or other confidential personal, financial, medical, educational, or personnel records, and/or technical or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, including but not limited to documents containing student personal identifying information, personnel files concerning faculty and staff, commercial or financial information, other non-public information that may cause harm to the producing party or non-party. Such information includes that which would ordinarily be maintained in confidence, where the Producing Party has or should have taken appropriate efforts to maintain the confidentiality of such information, or information the Producing Party is otherwise required to keep as confidential by agreement or law. The Parties must use due care to maintain confidentiality so as to prevent

3

inadvertent disclosure. All such documents and material produced in this matter shall be marked "CONFIDENTIAL" pursuant to this Protective Order.

## IV. Intent To Be Court Order.

This Protective Order is intended to be, and shall be construed as, a court order expressly authorizing the production of discoverable material in this case, including but not limited to: (i) nonpublic personnel information subject to the protections of the North Carolina Human Resources Act, N.C. Gen. Stat. §§ 126-1 to -95; (ii) confidential by, or exempted from, the North Carolina Public Records law, N.C. Gen. Stat. §§ 132-1 to -11; (iii) student "education records" under FERPA; and (iv) information otherwise protected from public disclosures by applicable law, regulation, protective order, or nondisclosure agreement. Nothing in this Protective Order shall be construed to permit or require the production of documents, data, or other tangible items that are beyond the scope of discovery as defined by the Federal Rules of Civil Procedure.

## V. Material Governed.

This Protective Order shall govern all discovery material produced or disclosed in the above-captioned litigation ("Litigation"), including the following: documents (which shall have the broadest possible meaning and

including information memorialized in any way, including in paper or electronic format); data and information; responses to interrogatories; responses to requests for production of documents; deposition transcripts and exhibits; answers to deposition questions; responses to requests for admission; affidavits; declarations; information sought or produced pursuant to subpoena; and such other materials and information as may be provided by the Parties or other persons during the course of discovery in this Litigation.

**VI.    Identifying Documents and Information as Confidential.**

A.    <u>Scope:</u>    This Protective Order governs the production and handling of any information produced in this action. Any Party or non-party who produces documents or information in this action as defined in Section III at any time shall mark it as "CONFIDENTIAL" as required by this Protective Order.  "Producing Party" means the party or non-party who so produces any information or data under this Protective Order. "Receiving Party" means the party or non-party to whom such information was produced or disclosed.  The Producing Party shall stamp, affix, or embed a legend of "CONFIDENTIAL" on each and every page of the document or electronic image or discovery produced pursuant to this Protective Order.

5

B.  <u>Application to Non-Parties:</u>  Before a non-party is provided copies of information produced herein which shall be marked CONFIDENTIAL, it must first sign the acknowledgement to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the Parties to this action must resolve any such dispute before making disclosure of information produced as permitted hereunder to the non-party. If a non-party wishes to produce documents hereunder, it may do so only if it marks such data as "CONFIDENTIAL."

## VII.  Deposition Designations.

A.  All oral deposition testimony and on-the-record statements, regardless of whether the testimony or statements were marked as Confidential Information on the record, shall be treated as Confidential Information and subject to this Protective Order for sixty (60) days after the transcript of the deposition becomes available.

B.  Any person may, on the record at the deposition, identify portions of oral testimony, portions of other on-the-record statements, or the deposition in its entirety, as Confidential Information.  In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of Confidential Information, the question shall nonetheless be answered by the witness fully and

6

completely. Before the witness answers, however, all persons present who are not otherwise bound by this Protective Order shall be required to sign or otherwise indicate on the record their agreement to the Confidentiality Agreement. When any document or other material marked as Confidential Information is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit is Confidential Information pursuant to this Protective Order. All persons present at the deposition during the discussion of such exhibit shall either be a Party or a Signatory or shall otherwise evidence their agreement to the Confidentiality Agreement. No deposition exhibit marked as Confidential Information shall be provided to any person who is not a Party or Signatory or who did not otherwise evidence his or her agreement to the Confidentiality Agreement. The fact that a Party has not objected to identification of all or any portion of the deposition transcript as Confidential Information during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order pursuant to Section VIII.

C.      Additionally, counsel for the Parties may mark an entire transcript, mark specific pages and lines of the transcript of the deposition, or mark entire or specific pages of exhibits as Confidential Information by notifying counsel for the Parties and other attendees of the deposition in

7

writing within sixty (60) calendar days of the transcript of such deposition becoming available. Any portion of the video-taped version of the deposition for which the corresponding portion of the transcript has been marked as Confidential Information shall likewise be Confidential Information. If within sixty (60) calendar days of the transcript of such deposition becoming available no person timely marks the transcript, or any portion thereof, as Confidential Information, then the transcript shall not be considered confidential. Deposition exhibits that are marked as "CONFIDENTIAL" will continue to be protected without further marking, and the continued protection of such exhibits will not be dependent upon the transcript, or any portion thereof, being marked Confidential Information.

D.     A separately-bound transcript of those portions of the deposition testimony and exhibits that are marked as Confidential Information shall be made and the cover shall be marked with the "CONFIDENTIAL" marking. If any portion of any transcript so marked is required to be filed with the Court, it shall be filed using the procedures set forth in Section X (E).

## VIII.  Challenges to Confidential Markings.

In the event that a Receiving Party disagrees at any time with the marking required by this Protective Order (i.e., materials that have been marked as CONFIDENTIAL that should not be or materials that have not

8

been marked as CONFIDENTIAL that should be), the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Producing Party. The Receiving Party must provide written notice of the challenge and the grounds therefore to the Producing Party, who must respond in writing to the challenge within ten (10) days. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the information shall be considered CONFIDENTIAL by the Parties and will be protected under this Protective Order.

## IX. Parties Identified by Pseudonyms.

To protect the identities of the Parties and witnesses who have been identified by pseudonyms in the Complaint, in accordance with the terms of the Court's Pseudonym Order [ECF no. 41], and without delaying production of materials sought through the discovery process, the Parties in this action agree to the following steps to continue to protect the identities of those parties and witnesses:

A. Material sought by the Parties hereto through the discovery process that contains the names of people identified in the Complaint by pseudonyms must be produced as Confidential Information pursuant to this Protective Order without taking any steps to redact those names, except as provided in IX (B).

9

B.    Before producing any materials, Defendants, using their document review platform, shall run automated searches for the actual name of the plaintiff who is identified as Jacob Doe and the document review platform shall replace the actual name with "Jacob Doe" where possible. Defendants shall be entitled to rely upon this automated process for complying with this provision.  However, if the automated platform will not work for certain documents, exhibits or other items of production, Defendants will make redactions of Plaintiff's name and insertions of Jacob Doe by hand. If the Parties subsequently identify any material produced by Defendants where the actual name of Jacob Doe appears, then the identifying Party shall notify the other Party in writing with the Bates number of the material(s) at issue and Defendants shall produce a properly redacted version of the material within 14 days, and the Parties shall destroy all previously produced versions of the document.  In any event, any material that contains the name of Jacob Doe must be produced as Confidential Information pursuant to this Protective Order.

C.    If any Party to this Protective Order wishes to show materials containing names of other people identified in the Complaint by pseudonyms to any third parties or to file those materials with the Court, then before doing so, the Party who wishes to show or file the materials (regardless of whether

10

that is the Party who produced the materials originally) must redact the names of all people identified by pseudonyms in the Complaint and insert the pseudonym of that person over the redaction. Additionally, prior to showing the materials to any third parties or filing those materials with the Court, the Party who wishes to show or file the materials must redact any other student names that appear in the documents.

D.    The material with the pseudonym shall continue as Confidential Information at all times until otherwise ordered by the Court.

**X.    Limited Access/Use of Protected Information.**

A.    <u>Restricted Use:</u>   Information received in the course of this action that is marked CONFIDENTIAL under this Protective Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Producing Party. No information marked CONFIDENTIAL may be disclosed to any person except in accordance with the terms of this Protective Order. All persons in possession of information marked CONFIDENTIAL agree to exercise due care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Producing Party prompt notice of the receipt of any subpoena that

seeks production or disclosure of any Confidential information, as permitted by law, and consulting with the Producing Party before responding to the subpoena, as addressed in Section X. (F.) below. Any use or disclosure of Confidential Information in violation of the terms of this Protective Order may subject the disclosing person or party to sanctions.

B. <u>Access to "Confidential" Information:</u>  The Parties and all persons subject to this Protective Order agree that information marked as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any Party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder and so long as each counsel and employee has signed the acknowledgement to be bound by the terms of the Confidentiality Agreement attached hereto as Exhibit A;

3. The Parties, including their agents, employees and governing officers who are assisting or have reason to know this action and who are informed of the duties hereunder and so long as each agent, employee or governing officer has signed the acknowledgement to be bound to the terms of the Confidentiality Agreement attached hereto as Exhibit A;

4. Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgement to be bound to the terms of the Confidentiality Agreement that is attached hereto as Exhibit A; and

5.　　Other witnesses or persons with the Producing Party's consent or by court order, so long as each such witness has signed the acknowledgment to be bound by the terms of the Confidentiality Agreement that is attached hereto as <u>Exhibit A</u>.

C.　　<u>Newly-Added Parties:</u>　In the event that additional parties are named in this Litigation, neither they nor their counsel shall have access to the Information produced which has been marked CONFIDENTIAL until this Protective Order has been amended, with the Court's approval, to govern such additional parties and counsel, and until such additional parties and their counsel have signed this Protective Order and the Confidentiality Agreement attached hereto as Exhibit A.

D.　　<u>In-Court Use of Confidential Information</u>: If information marked CONFIDENTIAL pursuant to this Protective Order will or may be offered in evidence at a hearing or trial, then the Offering Party must give at least ten (10) days advance notice to the Producing Party that produced and marked the document or information CONFIDENTIAL prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's Case Management Order or other pre-trial order, or by a motion in *limine*. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

13

E.     <u>Filing with the Court</u>:   No Party or other person shall file any materials that are marked CONFIDENTIAL with the Court unless filing those materials is relevant to an issue before the Court. If a party desires to file such materials marked CONFIDENTIAL with the Court or to reference or quote Confidential Information in any filing, its counsel shall comply with provisions set forth in the Western District of North Carolina, Local Civil Rule 6.1.

F.     <u>Notification of Subpoenas</u>: In the event that any person who receives or is in possession of information or data marked CONFIDENTIAL as required by this Protective Order subsequently receives from anyone who is not bound by this Protective Order any subpoena or other compulsory request seeking the production or other disclosure of documents or information produced under this Protective Order and the Confidential Agreement attached hereto as Exhibit A, that person shall immediately notify in writing the person or Party who produced the material under this Protective Order specifying the material sought and enclosing a copy of the subpoena or other form of compulsory process in order to permit the Producing Party the opportunity to intervene and seek to prohibit the disclosure of such material. At least ten (10) calendar days' notice shall be given prior to the production or disclosure sought to be compelled. Excluding the Court in the

14

Western District of North Carolina that has the trial jurisdiction of this case, if a person is ordered by a court or other tribunal with appropriate jurisdiction, in no event shall any person produce or disclosure any information produced under this Protective Order before ten (10) days advance notice is given to the person who produced such material as Confidential Information.

## XI.    Claw-Back Requests.

A.    <u>Failure to Mark Confidential</u>: If, at any time, a Party or non-party discovers that it produced or disclosed confidential information without marking it CONFIDENTIAL, the Producing Party shall promptly notify the Receiving Party and mark such documents or information CONFIDENTIAL as required under this Protective Order (the claw-back notification). Upon receipt of such notification from the Producing Party, the Receiving Party will acknowledge the destruction of the documents at issue.  Within 30 days of receiving the claw-back notification, the Receiving Party must certify to the Producing Party or person that it has received or marked the item as CONFIDENTIAL and destroyed all unmarked copies that it received, made, and/or distributed.

B.    <u>Inadvertent Production of Privileged Information</u>:  If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-

preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the Producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The Parties must also comply with the Pretrial Order and Case Management Plan [ECF No. 81] before seeking Court intervention to resolve any related dispute.

## XII. Non-Relevant Confidential Information.

Before producing discovery material, the Producing Party may redact Confidential Information that (1) does not involve any of the Roes' matters against Jacob Doe and is unrelated to the subject matter of this Litigation and (2) includes (a) nonpublic personnel information subject to the protections of the North Carolina Human Resources Act, N.C. Gen. Stat. §§126-1 to -95 or (b) student "education records" under FERPA. Any discovery material that is redacted shall have "REDACTED" stamped on each page from which Confidential Information has been redacted. If redactions are made, the disclosing person shall produce a redaction log, simultaneously with the redactions, describing the nature of the redacted,

16

non-relevant Confidential Information, which shall include: (i) a description of the creator(s), sender(s), and/or receiver(s) of the document; (ii) the subject of the document; (iii) date and time it was created; (iv) a description of the contents of the redaction; and (v) the basis for the redaction.

## XIII.  Duration/Continued Restrictions.

A.  <u>Handling of Confidential Information Upon Conclusion of Action:</u> Upon conclusion of this action, including all appeals, the Producing Party(ies) and the Receiving Party(ies) is/are responsible for ensuring that any party to whom that party shared or disclosed information under this Protective Order returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after the later of the dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Producing Party that all Confidential Information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain Confidential Information that it received from any other party or non-party under this Protective Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Producing Party the steps taken to seal its legal file containing paper and/or electronic copies of the Confidential Information so that it is not accessed, used, or

17

disclosed inconsistently with the obligations under this Protective Order. This provision does not apply to the Court or Court staff.

B. <u>Survival</u>: The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this Litigation and shall be binding on all Parties and Signatories unless the Protective Order is terminated or modified in writing by the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this Litigation, the filing of a notice of appeal or any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

C. <u>Modification or Termination</u>: The entry of this Protective Order shall be without prejudice to the rights of any person to apply for additional or different protection where it is deemed appropriate.

D. <u>Notices</u>: All notices required or permitted to be provided by this Protective Order shall be made by email to counsel of record. In the event that notification by email is impracticable, a notice shall be made by either (i) hand-delivery of the notice to counsel of record in person; or (ii) sending the notice by a courier for overnight delivery to counsel of record.

18

**IT IS SO ORDERED.**

Signed: December 5, 2024



Martin Reidinger
Chief United States District Judge

___/s/ Tara J. Davis_____

Andrew Miltenberg
Stuart Bernstein
Tara J. Davis
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001
Telephone: (212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
tdavis@nmllplaw.com


-and-

Robert C. Ekstrand
N.C. State Bar No. 26673
Ekstrand & Ekstrand LLP
110 Swift Avenue, Second Floor
Durham, NC 27705
rce@ninthstreetlaw.com

*Counsel for Plaintiff*

___/s/ Alex Hagan_____

Alex J. Hagan
N.C. State Bar No. 19037
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
alex.hagan@elliswinters.com

Dixie T. Wells
N.C. State Bar No. 26816
Ellis & Winters LLP
P.O. Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4197
Facsimile: (336) 217-4198
dixie.wells@elliswinters.com

*Counsel for Defendants*

-and-

Kimberly D. Potter
N.C. State Bar No. 24314
Jeremy David Lindsley
N.C. State Bar No. 26235
Adrina Greenlee Bass

19

N.C. State Bar No. 39521
Lindsay Vance Smith
N.C. State Bar No. 48085
North Carolina Department of
Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6920
Facsimile: (919) 716-6764
kpotter@ncdoj.gov
jlindsley@ncdoj.gov
abass@ncdoj.gov
lsmith@ncdoj.gov

*Counsel for All Defendants*

Marla Spector Bowman
N.C. State Bar No. 49097
123 W. Franklin Street, Suite 600
Chapel Hill, NC 27516
Telephone: (919) 962-1219
marla_bowman@unc.edu

*Counsel for Defendant University
of North Carolina at Chapel Hill*

## EXHIBIT A: Agreement Concerning Protected Information

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO: 1:23-cv-00041-MR**

| | |
|---|---|
| **JACOB DOE,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.,**<br><br>        **Defendants.** | **AGREEMENT TO BE BOUND BY CONFIDENTIALITY AND PROTECTIVE ORDER** |

The undersigned acknowledges having been given access to certain documents or testimony covered by the Confidentiality and Protective Order ("Protective Order") in this case, having read, understanding, and agreeing to be bound by the terms and conditions of the Protective Order, and consenting to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of enforcing this Protective Order. The undersigned further understands that the Protective Order prohibits disclosure or discussion of the contents of any document or other material marked Confidential in accordance with the Protective Order to or with any person other than counsel of record for the Parties. The undersigned understands that the undersigned's use of such documents or

21

material is limited to those uses authorized by the Protective Order. The undersigned further confirms that the undersigned is bound by the terms of the court-issued Pseudonym order [ECF no. 41], attached as Exhibit 1 hereto and which is also referenced as [ECF no. 41] in the Protective Order.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE