UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:23-CV-0041

| | |
|---|---|
| JACOB DOE,<br><br>Plaintiff<br><br>vs.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, THE UNIVERSITY OF NORTH CAROLINA BOARD OF TRUSTEES, BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, KEVIN GUSKIEWICZ, in his official capacity, ELIZABETH HALL, individually and in her official capacity, JEREMY ENLOW, individually and in his official capacity, BETH FROEHLING, individually and in her official capacity, BETH FROEHLING, individually and in her official capacity, REBEECCA GIBSON, individually and in her official capacity, JACLYN FEENEY, individually and in her official capacity, DAVID ELROD, individually and in his official capacity, and DESIREE RIECKENBERG, Individually and in her official capacity<br><br>Defendants. | **MOTION TO RECONSIDER DENIAL OF MOTION FOR EXTENSION OF TIME** |

Plaintiff, Jacob Doe ("Plaintiff" or "Jacob Doe"), pursuant to Rule 16 of the Federal Rules of Civil Procedure respectfully moves the Court to reconsider its Order denying Plaintiff's Motion for an Extension of Time and shows the Court as follows:

1. Present counsel have demonstrated diligence on behalf of Plaintiff since assuming representation in February 2025.

2. On February 12, 2025, Plaintiff provided prior counsel ("Miltenberg" or "prior counsel") written notice of their discharge. This decision was made with careful consideration, as Plaintiff believed that a change in representation was necessary to ensure proper advocacy before this Court.

3. The client decision was not made lightly; it was a thoughtful and deliberative process. Should the Court wish to examine the contents of the discharge notice, counsel is prepared to file it under seal for the Court's review.

4. The very next day after discharging counsel, February 13, 2025, present counsel formally filed a notice of substitution of counsel and served prior counsel with this Notice.

5. On February 14, 2025, Miltenberg submitted a letter to the Court stating that they did not withdraw but were terminated.

6. Upon the filing of the notice of substitution by new counsel, Miltenberg was removed from the case by operation of Local Rule 83.1(g), which says that "Substitution of counsel is accomplished automatically when the new attorney files a 'Notice of Substitution of Counsel,' which automatically terminates previous counsel and substitutes the new attorney as counsel of record."

7. Regardless, it is understood by all parties that prior counsel no longer represents Plaintiff, and there is no dispute regarding this matter. Prior counsel filed a motion to withdraw from representing Plaintiff in the 4th Circuit appeal, and their motion was granted.

8. This case is complex, involving extensive administrative procedures over nearly two years, with numerous personnel from UNC and its affiliates. Present counsel is tasked not only with understanding the procedural violations that led to the infringement of Plaintiff's rights under Title IX and his constitutional rights but also with navigating a significant volume of discovery and preparing for necessary depositions.

9. Since the filing of Plaintiff's counsel's motion for extension of time, Plaintiff's new counsel has received over 115 gigabytes of data from Defendants. [To be clear, the data provided is the discovery given in response to Plaintiff's written discovery. We did not have access to this data, and defense counsel provided it as an accommodation.] In the foregoing data provided, Defendants have identified some twenty-two custodians of documents. New counsel intend to conduct deposition discovery and believe, but do not know, that Defendants will do so as well.

10. Although we have not yet received Plaintiff's files from prior counsel, it appears that prior counsel focused upon written discovery and mediation, rather than deposition discovery. Several mediations took place, the last one having occurred on November 23, 2024.

11. Immediately upon receipt of the 115 gigabytes of discovery information that Defendants' counsel kindly provided, the undersigned promptly arranged for an e-discovery vendor to manage and organize this material, which is understood to exceed 75,000 pages.

12. To the best of our knowledge, there are no summaries or other guides to the discovery material that would enable us to have a short cut to understanding the discovery data provided. Within ten minutes of filing this

motion, we just received plaintiff's discovery production and some research documents from previous counsel.

13. The undersigned believe that we have acted as swiftly and diligently as possible; however, we are not yet in a position to conduct the necessary depositions or effectively defend against the depositions we anticipate the defense will reasonably request.

14. The Court noted that the motion to extend the time for the production of expert witnesses was not filed prior to the expiration of the deadline. The Court had not been made aware, however, that the Defendants and prior counsel had agreed to extend the time for expert disclosure until February 28, 2025. Therefore, the motion to extend time for discovery and other deadlines was filed prior to the expiration of the deadline for identification of expert witnesses.

15. The Court has expressed frustration with the slow pace of discovery to date. The undersigned do not cast any aspersions on the work done by prior counsel, but it is important to acknowledge that the decisions made regarding discovery were beyond our control. We are eager to complete discovery and pledge that if we are given sufficient time to do so, we will complete discovery swiftly and in cooperation with defense counsel.

16. Plaintiff took swift and deliberate steps to engage competent representation. The undersigned, as new counsel, entered the case promptly and have been actively involved in the discovery process, ensuring continuity and minimizing disruptions. This proactive transition underscores our commitment to adhering to the Court's scheduling orders and maintaining momentum in the case.

17. The request for an extension in this case is based on specific and compelling reasons that are outside our control. The substantial volume of material necessitates additional time for thorough review and analysis to ensure that we can effectively prepare for depositions and other discovery-related tasks. Just as a small example, it would be a rare deposition in a case of this complexity that we did not use a fairly large volume of exhibits obtained from discovery in order to question witnesses. If we do not have time to digest the discovery, we will not be able to conduct the depositions effectively.

18. Our request for an extension is not merely a procedural formality but is driven by specific and critical discovery needs. If we are not provided additional time to adequately receive, read, and comprehend the significance of the documents in this case and prepare for depositions, Plaintiff will face undue prejudice and harm as a result of actions taken by

others, actions that were beyond his control. It is imperative to note that such harm would occur through no fault of Plaintiff's own, as he has actively sought competent representation and timely progress in this matter. We firmly believe that the depositions we intend to take will yield relevant evidence critical to the prosecution of this case.

19. Regarding the expert witness disclosure, new counsel have taken a different view of the experts needed in the case than prior counsel and have contacted and/or hired experts that we believe will be most effective for advancing Plaintiff's case.

20. Furthermore, there were claims that were dismissed without prejudice by this Court, which were not addressed by prior counsel, including claims for equitable relief. These claims require careful examination and study by the undersigned to maximize the remedies available for Plaintiff in this matter.

21. In summary, for all the reasons outlined above, the undersigned have committed to prosecuting this matter and are eager to expedite the completion of discovery.

22. Further, we are making strategic decisions in collaboration with Plaintiff, which we believe are both appropriate and diligent in preparing the

case for trial. However, we require additional time to thoroughly digest the discovery materials and to complete our investigation.

23. We are working diligently to overcome obstacles not of our own making, and without this additional time, we will be unable to prepare the case competently. Such an outcome would be unfair and prejudicial to the Plaintiff, who has not caused any delays in the discovery process and is entitled to the best efforts of his counsel.

24. The defense has consented to the request for an extension, reflecting a spirit of fair play and professional courtesy.

25. We regret that our initial motion did not fully meet the Court's expectations, and we apologize for not providing a more detailed explanation of our circumstances.

26. Case law supports the granting of extensions under similar circumstances. For instance, in *Minyard v. Hooks*, 2019 U.S. Dist. LEXIS 69523, the court granted an extension of the dispositive motion deadline for good cause shown, despite the plaintiff's objections, because the defendants demonstrated that the extension was necessary due to unforeseen circumstances.

27. Similarly, in *Torres v. Ishee*, 2023 U.S. Dist. LEXIS 75471, the court granted an extension of the discovery deadline to allow new counsel to address deficiencies in prior counsel's discovery responses, emphasizing the importance of resolving discovery issues fairly.

28. We strongly believe that the 90-day extension requested is warranted. However, if the Court finds this request excessive, we respectfully request a 45-day extension for expert witness disclosures from February 28, 2025, and an additional 60 days for the completion of discovery and trial.

> WHEREFORE, Plaintiff respectfully requests that this Court grant an extension of the discovery deadlines by an additional 90 days for all deadlines, including expert witness reports and designations, to allow the new counsel sufficient time to review the discovery materials and prepare for the continuation of this case. In the alternative, Plaintiff prays for an additional 45 days for expert witness disclosures and 60 days for completion of discovery from the current deadline, with the other deadlines set back accordingly.

This is the 5th day of March, 2025.

\_\_/s/\_\_ Fred W. Devore, III          \_\_\_/s/\_ Raboteau T. Wilder, Jr.

| | |
|---|---|
| Fred W. DeVore, III – NC State Bar #10308<br>*fdevore@daslawgroup.com*<br>*Attorneys for Plaintiff*<br>DAS Law Group, PA<br>438 Queens Road<br>Charlotte, NC 28207<br>(704) 377-5242 *telephone* | Raboteau T. Wilder, Jr.-NC State Bar #5891<br>*rob@wilderlawgroup.com*<br>*Attorneys for the Plaintiff*<br>Wilder Law PLLC<br>3501 Monroe Road<br>Charlotte, North Carolina 28205<br>(704) 342-2243 *telephone* |