THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00041-MR

| | |
|---|---|
| JACob DOE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE UNIVERSITY OF NORTH ) <br> CAROLINA SYSTEM, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' "Joint Motion to Seal All Pre-Trial Motions and Supporting Documentation" [Doc. 106].

## I. BACKGROUND

Jacob Doe ("Plaintiff"), a former student of the University of North Carolina at Chapel Hill, brings this action asserting federal claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972 ("Title IX"), as well as various state law claims, challenging the handling of the disciplinary proceedings brought against him after four female classmates, Jane Roes 1-4 (hereinafter "Roe 1" through "Roe 4"), accused him of sexual misconduct. [See Doc. 1]. By a prior Order, the Court allowed both the

Plaintiff and his accusers to be referred to through the summary judgment stage of this proceeding by pseudonyms. [Doc. 41].

The Court also previously entered a Joint Confidentiality and Protective Order, which reads, in pertinent part, as follows:

> E. <u>Filing with the Court</u>: No Party or other person shall file any materials that are marked CONFIDENTIAL with the Court unless filing those materials is relevant to an issue before the Court. If a party desires to file such materials marked CONFIDENTIAL with the Court or to reference or quote Confidential Information in any filing, its counsel shall comply with provisions set forth in the Western District of North Carolina, Local Civil Rule 6.1.

[Doc. 89 at 14].

The deadline for the filing of dispositive motions is September 12, 2025. In anticipation of that impending deadline, the parties now move for the Court to seal "any pre-trial motions and any documentation supporting said motions." [Doc. 106 at 1].

## II. STANDARD OF REVIEW

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. <u>Doe v. Public Citizen,</u> 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted

2

only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

### III. DISCUSSION

The parties have failed to demonstrate any interest compelling enough to overcome the presumptive right of public access, under either the First Amendment or the common law, for documents that have not yet been filed. While the parties contend that these materials will either reference and/or contain "Confidential Information," the fact that counsel may have designated

certain material as confidential during discovery does not necessarily require sealing when such material is filed in the record. See Legal Newsline v. Garlock Sealing Techs. LLC, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court."). It is ultimately up to the Court, not the parties, to decide whether materials that are filed in the record of this case should be shielded from public scrutiny. Moreover, the parties have failed to explain why less drastic alternatives to wholesale sealing, such as redactions, are not feasible. For these reasons, the parties' Joint Motion to Seal is denied without prejudice.

The Court realizes that there may likely be some information contained within the parties' future filings that will be sufficiently sensitive as to warrant protection from public disclosure. By the same token, however, the parties have chosen to litigate their dispute in a public forum. This Court is not a Star Chamber, and this matter will not be litigated in secret. To that end, the filing of sealed documents must be closely scrutinized, and every effort

should be made by the parties to keep this litigation accessible to the public, to the extent possible.

With this in mind, the Court expects the parties to confer with each other in a meaningful fashion before filing any further motions to seal. Any documents that are sought to be sealed must be filed along with the motion to seal so that the Court may evaluate its contents. The motions to seal must contain (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing. See LCvR 6.1(c). If the materials contain both confidential and non-confidential information, the parties must specifically identify those portions of those materials that reference confidential information, and they should either offer redactions of those documents so that the public may access the non-confidential portion of those materials or explain why redactions are not feasible. Any future motions to seal that fail to comply with these basic requirements will be summarily denied.

**IT IS, THEREFORE, ORDERED** that the parties' "Joint Motion to Seal All Pre-Trial Motions and Supporting Documentation" [Doc. 106] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 10, 2025

Martin Reidinger
Chief United States District Judge