# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Case No. 1:23-cv-00041-MR

| | |
|---|---|
| JACOB DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.,<br><br>Defendants. | **DEFENDANTS' MOTION TO SEAL**<br><br>(Defendants' Response to Plaintiff's Motion for Partial Summary Judgment [ECF No. 112]) |

Defendants—the University of North Carolina System, the University of North Carolina at Chapel Hill ("UNC-CH"), the University of North Carolina at Chapel Hill Board of Trustees, the Board of Governors of the University of North Carolina, (the "UNC Defendants"), Lee Roberts, Elizabeth Hall, Jeremy Enlow, Beth Froehling, Rebecca Gibson, Jaclyn Feeney, David Elrod, and Desirée Rieckenberg, (the "Individual Defendants")—move under Local Civil Rule 6.1 and the Protective Order entered in this case, ECF No. 89, to maintain under seal the unredacted versions of their Memorandum in Response to Plaintiff's Motion for Partial Summary Judgment (the

"Memorandum"), and certain exhibits thereto. In support of this Motion, Defendants state the following:

1. This case arises from the investigations and hearings of allegations by four UNC-CH undergraduate students that Plaintiff sexually assaulted them.

2. On July 13, 2023, this Court entered an Order directing that "Plaintiff and the four female students who accused him of sexual misconduct will be referred to by pseudonyms through summary judgment[.]" [ECF No. 41 at 7.]

3. In the July 13, 2023 Order, the Court noted that "allowing the Plaintiff and the four female students to proceed under pseudonym protects not only the Plaintiff from retaliation but the four students—none of whom are parties to this litigation—as well." [Id.]

4. In addition to the four female students who accused Plaintiff of sexual misconduct, the other students who are referenced by pseudonyms in the Complaint are not parties to this action.

5. In recognition that "[t]he public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings," Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014), before maintaining a document under seal, the Court must "(1) provide public

notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives," Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

6. Under Local Civil Rule 6.1(c), a motion to seal must contain:

   a. A non-confidential description of the material sought to be sealed;

   b. A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

   c. Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

   d. Supporting statutes, case law, or other authority.

7. The materials Defendants seek to be maintained under seal include the unredacted version of their Memorandum, and two exhibits thereto: (1) a letter from Doe's attorney, Mr. Ekstrand, sent to the Emergency Evaluation and Action Committee ("EEAC"); and (2) text messages between Jacob Doe and Roe 1 (collectively, the "Exhibits").

8. The letter Mr. Ekstrand sent the EEAC contains a detailed discussion of the allegations and contains identifying information about Doe and the Roes.

9. The text messages between Doe and Roe 1 discuss sensitive matters and were part of the record in the underlying proceedings.

10. Defendants are filing a public, redacted version of their Memorandum in Response to Plaintiff's Motion for Summary Judgment.

11. Under the Family Educational Rights and Privacy Act ("FERPA"), UNC-CH cannot release student "education records" containing "personally identifiable information." 20 U.S.C. § 1232g(b)(1). Education records include "those records, files, documents, and other materials which . . . contain information directly related to a student." Id. § 1232g(1)(4)(A). Personally identifiable information includes, but is not limited to:

  a. The student's name;

  b. The name of the student's parent or other family members;

  c. The address of the student or student's family;

  d. A personal identifier, such as the student's social security number, student number, or biometric record;

e. Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

f. Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

g. Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3.

12. Thus, the portions of the Exhibits sought to be maintained under seal, to the extent they discuss or reference students' personally identifiable information, are subject to protection pursuant to FERPA. See Painter v. Doe, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466, at *4 (W.D.N.C. July 13, 2016) (noting that a transcript of a university disciplinary hearing was an "education record" under FERPA and granting motion to seal the transcript).

13. In light of the protections under FERPA, before producing documents in this case, UNC-CH sent approximately 19 affected students FERPA Notices. The form the FERPA Notices sent to these students is filed at ECF No. 126-2.

14. In the FERPA Notices, UNC-CH informed the affected students that UNC-CH "will pursue every reasonable means to protect the confidentiality of this information" including to "seek the court's permission to file such documents under seal."

15. Though pseudonyms have been used for the students so identified in the Complaint, the materials Defendants request be maintained under seal include sufficient details about students' identities such that it may be possible for the public to identify these students even in instances where their true names have not been used.

16. Defendants are submitting a public version of their Memorandum with redactions of the portions which summarize and/or quote portions of documents Defendants are requesting be maintained under seal.

17. When a "student initiates legal action again an educational agency or institution," like UNC-CH, "the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B).

18. Although FERPA does not prohibit UNC-CH from disclosing Plaintiff's education records given that he filed this lawsuit, UNC-CH still has FERPA obligations to the non-party students.

19. Courts have sealed similar documents pursuant to FERPA. See Painter v. Doe, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466, at *4 (W.D.N.C. July 13, 2016) (noting that a transcript of a university disciplinary hearing was an "education record" under FERPA and granting motion to seal the transcript); see also Borkowski v. Baltimore County, Maryland, 492 F. Supp. 3d 454, 494 (D. Md. 2020) (granting motion to seal Final Investigative Report of Title IX complaint).

20. Therefore, UNC-CH requests that the Court maintain the unredacted version of the Memorandum, and the Exhibits, permanently under seal.

21. If the Court is not inclined to permit the documents to be maintained permanently under seal, UNC-CH respectfully requests that the affected students be given sufficient time to present their positions to the Court.

22. Undersigned counsel has conferred with Plaintiff's counsel, who do not object to this Motion.

WHEREFORE, Defendants respectfully request that the unredacted version of their Memorandum in Response to Plaintiff's Motion for Partial Summary, and two exhibits thereto, be maintained permanently under seal

or in the alternative, until the affected students have sufficient time to make their positions known to the Court.

This the 10th day of October, 2025.

**ELLIS & WINTERS LLP**

/s/Dixie T. Wells_____
Alex J. Hagan
N.C. State Bar No. 19037
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
alex.hagan@elliswinters.com

Dixie T. Wells
N.C. State Bar No. 26816
P.O. Box 2752
Greensboro, North Carolina 27402
Telephone: (336) 217-4197
Facsimile: (336) 217-4198
dixie.wells@elliswinters.com

**JEFF JACKSON**
**ATTORNEY GENERAL**

Lindsay Vance Smith
N.C. State Bar No. 48085
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6920
Facsimile: (919) 716-6764
lsmith@ncdoj.gov

Counsel for All Defendants

**UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL**

Marla Spector Bowman
N.C. State Bar No. 49097
123 W. Franklin Street, Suite 600
Chapel Hill, NC 27516
Telephone: (919) 962-1219
marla_bowman@unc.edu

Counsel for Defendant University of North Carolina at Chapel Hill