UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:23-CV-0041

| | |
|---|---|
| JACOB DOE,<br><br>   Plaintiff,<br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.,<br><br>   Defendants. | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

NOW COMES THE PLAINTIFF, tendering to the Court a Reply to Defendants' Response to Plaintiff's Motion for Partial Summary Judgment. Plaintiff files this Reply pursuant to LCvR 7.1(e) and in accordance with the Rule, the Reply is limited to a discussion of matters newly raised in the Defendants' Response.

## DISCUSSION

In Defendant's Response, they argue that a quotation from *Fairfax Cnty. V. Sch. Board v. Doe*, 1 F.4th 257,264-266 (4th Cir. 2021) in Plaintiff's Memorandum in Support of Partial Summary Judgment is an incorrect quotation. (*See* Doc. 131, p. 9).[1] The Defendants are correct. The statement

---

[1] The erroneous quotation read, "When a recipient's grievance process is so skewed that it cannot be trust to produce reliable results, an inference of bias and deliberate indifference is appropriate."

was intended to be a summary of the holding and not a quotation. This error was not caught during the proofreading of the brief, which multiple attorneys performed. Nonetheless, the responsibility for verifying citations falls upon those who are responsible for filings with the Court. The mistake was not intentional and was not the result of any artificial intelligence research. Counsel extends apologies not only to the Court, but to opposing counsel as well.

While the citation should not have been identified as a direct quotation, it does accurately convey the holding in *Fairfax*. By way of further explanation, Jack Smith, who was a junior in high school, was accused of inappropriately touching Jane Doe on a band bus trip. *Id*. at 261-262.[2] School officials investigated the complaint and determined that the alleged sexual activity was not an assault. *Id*. Doe, the complaining female, brought a Title IX claim alleging that her school had acted with deliberate indifference. *Id*. 262-263. The matter went to the jury, who found in favor of the school officials.

On appeal, the Fourth Circuit reversed and remanded the matter for a new trial. *Id*. at 263. The appellate court was critical of the way that the defendants handled the sexual assault notice—"regardless of whether the school in fact construed such a report as one alleging sexual harassment, or whether the school believed the allegations to be true." *Id.*

---

[2] Both "Jack Smith" and "Jane Doe" are pseudonyms.

*Fairfax* relied substantially on *Jennings v. University of North Carolina*, where a woman's soccer coach was accused of "severe and pervasive sexual harassment." 482 F.3d 686,694 (4th Cir. 2007). There, the Court noted, "Title IX states that a covered institution cannot, on the basis of sex, (1) "exclude [ ] [a person] from participation in," (2) "den[y] [a person] the benefits of," or (3) "subject[ ] [a person] to discrimination under any education program or activity. 20 U.S.C. § 1681(a)." *Id.* at 699.

The *Fairfax* Court believed that the school's conduct suggested a biased investigation. The quotation counsel in the case at bar should have included in their brief is: "Based on this evidence, a reasonable jury could draw any number of conclusions that would support a finding of deliberate indifference. . . . [The defendants'] decision to believe Smith's story over Doe's—even after Smith had initially lied to them about whether he had touched Doe—was likely attributable to bias."³ *Doe v. Fairfax* at 273.

In other words, a skewed hearing can be an indication of bias. Therefore, while it was an error to mistakenly cite the holding in *Fairfax* as a *quotation,* the language in the quotation is an accurate recitation of the outcome in *Fairfax*.⁴

---

³ The Court also identified other factors, such as the Defendants' trivializing the report of the assault and failing to perform an adequate investigation. *Id.*
⁴ Regardless, counsel concedes the error should have caught.

Respectfully, this is the 16th day of October, 2025.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
fdevore@daslawgroup.com

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorney for Plaintiff*
rob@wilderlawgroup.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served upon all other parties to this action or their attorneys of record by using the ECF filing system and/or email and addressed as follows:

Dixie Thomas Wells Dixie.wells@elliswinters.com
Alex John Hagan Alex.hagan@elliswinters.com
Kimberly D. Potter kpotter@ncdoj.gov
Jeremy David Lindsley jlindsley@ncdoj.gov
Lindsey Vance Smith lsmith@ncdoj.gov
Marla Spector Bowman marla_bowman@unc.edu

This the 16th day of October, 2025.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
fdevore@daslawgroup.com

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorney for Plaintiff*
rob@wilderlawgroup.com

## CERTIFICATION REGARDING AI PLATFORMS

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 16th day of October, 2025.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
fdevore@daslawgroup.com

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorney for Plaintiff*
rob@wilderlawgroup.com