UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:23-CV-0041

| | |
|---|---|
| JACOB DOE,<br><br>    Plaintiff,<br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.,<br><br>    Defendants. | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT, COURTNEY BULLARD** |

NOW COMES THE PLAINTIFF, tendering to the Court a Reply to Defendants' Response to Plaintiff's Motion to Exclude Defendants' Expert, Courtney Bullard. Plaintiff files this Reply pursuant to LCvR 7.1(e) and in accordance with the Rule, the Reply is limited to a discussion of matters newly raised in the Defendants' Response.

**CORRECTION TO INITIAL BRIEF AND RESPONSE TO DEFENDANTS' ARGUMENT ON CITATIONS**

Plaintiff respectfully acknowledges a formatting oversight in the Initial Brief, where certain passages were enclosed in quotation marks to describe the courts' overall holdings in those precedents. These were intended as parenthetical summaries of the cases' substance—not verbatim quotations— a punctuation choice that, upon review, should have been clearer (e.g., via italics or explicit summary language). Defendant's Response notes this issue (Doc. 136, pp. 10-11),

while fairly conceding that "although some of the cases support the general proposition for which they are cited." Plaintiff fully agrees that the punctuation invites unnecessary confusion and warrants prompt correction. That said, Plaintiff has independently verified each cited precedent and confirms that, in all instances except one, discussed below, the summaries faithfully reflect the courts' core holdings and the propositions for which they are invoked.

The substance of Plaintiff's argument is correct. To eliminate any lingering ambiguity without altering the merits, Plaintiff respectfully requests that the Court deem the Initial Brief supplemented by the following general clarification: all such passages shall be understood as accurate paraphrases of the precedents' holdings, not literal excerpts. If the Court considers this supplementation insufficient, Plaintiff alternatively moves for leave to file a narrowly tailored amended brief. This amendment would just clarify the disputed passages as italicized summaries (or removing the quotation marks entirely), preserving every other aspect of the filing intact. This step would allow for precision while underscoring that the error was purely presentational—born of an earnest effort to streamline the brief, not to mislead. Plaintiff is prepared to submit the revised version immediately upon the Court's direction.

As for the citation to <u>Doe v. Virginia Polytechnic Inst. & State Univ.</u>, 77 F.4th 231 (4th Cir. 2023), Plaintiff concedes that the summary does not align with

the holding on the precise issue of expert witness standards under Title IX. Though the case addresses related Title IX principles, it does not speak directly to the proposition advanced. Plaintiff withdraws reliance on this authority entirely and reaffirms that the remaining six precedents support Plaintiff's position.

Plaintiff regrets any inconvenience this formatting oversight may have caused the Court or opposing counsel and appreciates Defendant's diligence in raising it, which has improved the record for all. With these clarifications in place, Plaintiff respectfully renews his request for the relief sought in his Initial Brief.

Respectfully submitted, this the 17th day of October, 2025.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
fdevore@daslawgroup.com

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorneys for Plaintiff*
rob@wilderlawgroup.com

Plaintiff's Reply to Deft's Response to Exclude, p. 3
Case 1:23-cv-00041-MR   Document 156   Filed 10/17/25   Page 3 of 5

# CERTIFICATION REGARDING AI PLATFORMS

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted, this is the 17 day of October 2025.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
fdevore@daslawgroup.com

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorneys for Plaintiff*
rob@wilderlawgroup.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served upon all other parties to this action or their attorneys of record by using the ECF filing system and/or email and addressed as follows:

Dixie Thomas Wells Dixie.wells@elliswinters.com
Alex John Hagan Alex.hagan@elliswinters.com
Kimberly D. Potter kpotter@ncdoj.gov
Jeremy David Lindsley jlindsley@ncdoj.gov
Lindsey Vance Smith lsmith@ncdoj.gov
Marla Spector Bowman marla_bowman@unc.edu

This is the 17 day of October, 2025.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
fdevore@daslawgroup.com

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorneys for Plaintiff*
rob@wilderlawgroup.com