THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00041-MR

| | |
|---|---|
| JACob DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER TO SHOW CAUSE** |
| ) | |
| THE UNIVERSITY OF NORTH ) | |
| CAROLINA SYSTEM, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court *sua sponte.*

The parties recently completed briefing of their dispositive motions. Upon review of the parties' filings, the Court has identified a number of citations in the Plaintiff's filings that appear to be incorrect characterizations of the cited material and some that might constitute AI hallucinations. Accordingly, the Court will set this matter for a hearing, at which time the Plaintiff's counsel shall be required to show cause why they should not be sanctioned for their apparent failure to comply with their duties as officers of the Court.

Pursuant to Federal Rule of Civil Procedure 11(c)(3), the Court informs the Plaintiff's counsel that the specific conduct at issue includes (1) citing two

cases that do not appear to exist, (2) quoting material that does not exist in the cases purportedly quoted, (3) mischaracterizing holdings of cited cases, (4) citing cases that have no bearing on the proposition for which they are cited, (5) failing to provide pinpoint citations and information identifying the court from which an opinion issued, and (6) misidentifying an out-of-circuit case as a Fourth Circuit case. The Defendants, in their response, have already brought some of these issues to the attention of the Plaintiff's counsel. [See, e.g., Doc. 132 at 3; Doc. 137 at 4-6; Doc. 154 at ii n.1-2, 8 n.3, 9 n.5]. The Court will require every attorney who was involved in the drafting and preparation of the Plaintiff's briefs [Docs. 114, 116, 139, 141, 144, 146, 156] and/or was a signatory thereto to be present for this hearing.

Additionally, the parties have filed a number of sealing motions related to their dispositive motions. [Docs. 110, 111, 113, 123, 126, 133, 138, 143, 145, 149, 152, 155, 162]. Several of these motions would appear to be unwarranted under current case law and court rules, and create an impracticality for moving forward with the pending motions and this case in general. In order to ensure that the sealing of any materials complies with the First Amendment and court rules, the Court will set these motions for hearing as well. The Court is not, at this time, setting for hearing any of the substantive motions regarding summary judgment or expert witnesses.

2

**IT IS, THEREFORE, ORDERED** that the Plaintiff's counsel shall appear before this Court on **Wednesday, November 19, 2025, at 10:00 a.m.** and **SHOW CAUSE** why the Plaintiff's counsel should not be sanctioned for their apparent failure to comply with their duties as officers of the Court. Every attorney who was involved in the drafting and preparation of such briefs [Docs. 114, 116, 139, 141, 144, 146, 156] and/or was a signatory thereto shall be present for this hearing.

**IT IS FURTHER ORDERED** that the Court also will hold a hearing on the parties' motions to seal [Docs. 110, 111, 113, 123, 126, 133, 138, 143, 145, 149, 152, 155, 162] at this time.

**IT IS SO ORDERED.**

Signed: November 10, 2025

Martin Reidinger
Chief United States District Judge