# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:23-cv-00041-MR

JACOB DOE,                          )
                                    )
      Plaintiff,          )
                                    )
  vs.                          )      <u>ORDER</u>
                                    )
                                    )
THE UNIVERSITY OF NORTH             )
CAROLINA SYSTEM, et al.,            )
                                    )
      Defendants.         )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion for Partial Summary Judgment [Doc. 170] and the Defendants' Motion for Summary Judgment [Doc. 173].

The Fourth Circuit issued a published opinion in this case on April 4, 2025. [Doc. 98]. Upon remand from the Fourth Circuit, four claims remain for disposition at summary judgment: (1) a § 1983 due process claim against Elizabeth Hall, Jeremy Enlow, Beth Froehling, Rebecca Gibson, Jaclyn Feeney, David Elrod, and Desiree Rieckenberg (the "Employee Defendants") and Chancellor Roberts in their official capacities for prospective injunctive relief under <u>Ex parte Young</u>; (2) a Title IX claim against UNC-CH; (3) a state-law negligent infliction of emotional distress ("NIED") claim against the

Employee Defendants in their personal capacities; and (4) a state-law tortious interference with contract claim against the Employee Defendants in their personal capacities.[1]

The parties filed dispositive motions on December 17, 2025. The Plaintiff moved for summary judgment on liability and requested trial to determine damages. [Docs. 170, 171]. The Defendants moved for summary judgment on all four claims. [Doc. 173].

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the parties each move for summary judgment, the Court "must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citation omitted). In considering each of the motions for summary judgment, the Court must view the pleadings and materials presented in the "light most favorable" to the nonmovant and must

---

[1] The Fourth Circuit did not directly address the Plaintiff's state constitutional claim or breach of contract claim. [Doc. 98 at 12-13 n.4]. However, both claims were asserted only against UNC, [Doc. 1 at 170, 186], and the Fourth Circuit reversed this Court's denial of the Defendant's motion to dismiss the Plaintiff's claims against the UNC entity defendants on immunity grounds, [Doc. 98 at 23]. Therefore, as the Court previously discussed with the parties at a status conference on June 11, 2025, see [Doc. 102], the law of the case is that those claims have been dismissed, even though the grounds therefor have not been articulated.

"draw all reasonable inferences" in the nonmovant's favor.  Adams v. UNC Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

Regarding the state-law tortious interference with contract claim, the Plaintiff must show that the Employee Defendants knew about a valid contract between the Plaintiff and the Morehead-Cain Foundation ("MCF") and intentionally and unjustifiably induced MCF not to perform the contract, resulting in actual damage to the Plaintiff.  See Intersal, Inc. v. Hamilton, 373 N.C. 89, 100, 834 S.E.2d 404, 413 (2019) (citations omitted).  The Plaintiff, however, has alleged only that "*UNC* intentionally induced the Morehead-Cain Foundation to cease carrying out the contract with Plaintiff," rather than any of the Employee Defendants.  [Doc. 1 at ¶ 819].  The Plaintiff has not forecast any evidence that the asserted interference with the Plaintiff's contract with MCF resulted from conduct by any of the Employee Defendants.[2]  Accordingly, based on this forecast of evidence, no reasonable jury could find that the Employee Defendants tortiously interfered with the

---

[2] Instead, the Plaintiff's theory appears to be that UNC employees Jonathan Sauls and Aisha Pridgen, who are not defendants in this matter, were responsible for the communications with the Morehead-Cain Foundation that the Plaintiff relies on for his tortious interference with contract claim.  [Doc. 182 at 23].  In fact, the Plaintiff's forecast of evidence includes only one relevant statement between an Employee Defendant and the Morehead-Cain Foundation—namely, Defendant Rieckenberg's email, in reply to a request for information from the foundation, in which she wrote:  "In follow-up to your email, I wanted to share that Mr. [Doe] is no longer enrolled in classes this semester.  His case continues to progress through the EOC process."  [Doc. 182-4 at 1].  That communication cannot support a tortious interference with contract claim.

Plaintiff's contract with MCF. The Court will therefore grant summary judgment in favor of the Employee Defendants on this claim.

Regarding the Plaintiff's NIED, Title IX, and due process claims, the forecasts of evidence present genuine issues of disputed material fact. Accordingly, the Court will deny summary judgment on these three claims and set them for trial.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Partial Summary Judgment [Doc. 170] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 173] is hereby **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Count VII (Tortious Interference). The motion is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that this case is set for jury trial during the May 11, 2026 trial term on Counts I (Due Process), II (Title IX), and V (Negligent Infliction of Emotional Distress).

**IT IS SO ORDERED.**     Signed: March 17, 2026

Martin Reidinger
Chief United States District Judge