# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:23-cv-00041-MR

JACOB DOE,                              )
                                        )
                    Plaintiff,          )
                                        )
       vs.                              )          <u>ORDER</u>
                                        )
THE UNIVERSITY OF NORTH                 )
CAROLINA SYSTEM, et al.,                )
                                        )
                    Defendants.         )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion to Exclude or Limit the Testimony of Defendants' Expert Courtney Bullard [Doc. 174], the Defendants' Motion to Exclude Opinions of Plaintiff's Experts Deborah L. Caskey and Dr. Oliver G. Wood, Jr. [Doc. 169], and the Defendants' Motion to Exclude Opinions of Plaintiff's Expert Jacqueline Wernz and Strike Supplemental Report [Doc. 172].

## I.    PROCEDURAL AND FACTUAL BACKGROUND

In February 2023, Jacob Doe[1] ("Plaintiff"), a former student of the University of North Carolina at Chapel Hill, initiated this action challenging the university disciplinary proceedings brought against him after four female

_____

[1] This Court previously granted the Plaintiff's motion to proceed anonymously.  [Doc. 41].

classmates accused him of sexual misconduct.  [See Doc. 1].  The disciplinary proceedings resulted in the Plaintiff's permanent expulsion from the University of North Carolina System.  [Id. at ¶¶ 1-7].  In the Plaintiff's Complaint in this matter, the Plaintiff asserted federal claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972 ("Title IX"), as well as various state-law claims.  [Id. at ¶ 8].

The parties filed dispositive motions on December 17, 2025.  The Defendants moved for summary judgment [Doc. 173] and to exclude the Plaintiff's experts Jacqueline Werz, Deborah Caskey and Dr. Oliver Wood [Docs. 169, 172].  The Plaintiff moved for partial summary judgment [Doc. 170] and to exclude the Defendants' expert Courtney Bullard [Doc. 174].  The parties timely filed Responses [Docs. 179-83] and Replies [Docs. 186-90] to each motion.  Having resolved the summary judgment motions in a separate Order, the Court now resolves the exclusion motions.

## II.    STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence provides that

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based

2

on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, trial judges serve as gatekeepers of expert testimony and must ensure that "an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand." Nease v. Ford Motor Co., 848 F.3d 219, 229 (4th Cir. 2017) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)) (emphasis in original). The Court has broad discretion in determining the reliability of an expert's testimony in a given case. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152-53 (1999).

## III. DISCUSSION

### A. Motion to Exclude Deborah Caskey and Oliver Wood

The Defendants move to exclude the opinions of the Plaintiff's vocational expert, Deborah Caskey, on grounds that her opinions lack sufficient factual bases, are not the product of reliable methodology, and are not helpful to the jury. [Doc. 169-1 at 10-19]. The Defendants further move to exclude the opinions of the Plaintiff's expert economist, Dr. Oliver Wood, if Caskey's opinions are excluded because Wood testified that he relied exclusively on Caskey's opinions to develop his opinions. [Id. at 25-26].

Caskey offers an opinion on the adverse effect of the Plaintiff's expulsion on the Plaintiff's lifetime earning capacity. [Doc. 169-3]. Caskey

based her opinion on the assumption that the Plaintiff "need[s] to avoid jobs with background checks," [id. at 8], because the charges against the Plaintiff were "criminal charges," [Doc. 169-4 at 23].[2] In her deposition, Caskey testified that because the Plaintiff cannot be employed in jobs that require background checks, the Plaintiff is currently ineligible to work in the fields of health care, medicine, law enforcement, security, education, finance, banking, aviation, transportation, law, government, technology, retail, or hospitality, because such fields require background checks. [Doc. 169-4 at 21]. Although Caskey opined "a successful career may still be possible" and that reentry into higher education was "[t]echnically possible," she also opined that the Plaintiff lacks any "viable high-level transferable skills for the competitive labor market" and that the highest paying job he could receive would pay $30,000 annually. [Doc. 169-3 at 8-9].

However, the charges against the Plaintiff are not criminal charges, and Caskey has not presented any other basis for her opinion that the

---

[2] In an affidavit attached to the Plaintiff's Response Memorandum, Caskey states that she "did not mean to imply that there were criminal charges against Jacob Doe." [Doc. 183-3 at 3]. This post-hoc attempt at rehabilitation, however, cannot cure the misunderstanding underlying her opinions and her deposition testimony. Caskey testified that the Plaintiff needed to avoid jobs with background checks "[b]ecause of the charges that are tendered against him," and when she was asked if she understood those charges to be criminal charges, she responded: "They are criminal charges." [Doc. 169-4 at 23]. Moreover, Caskey has not offered any other basis for the opinion that the Plaintiff would fail a background check and thus be ineligible to work in the job categories that she excluded.

Plaintiff needs to avoid jobs with background checks. Upon review of Caskey's report and her deposition testimony, the Court concludes that Caskey's opinions are not supported by a sufficient factual basis and are not the product of reliable principles. Accordingly, the Court will grant the Defendants' motion to exclude Caskey's opinions.

Dr. Wood offers an opinion of the present value of the total financial loss suffered by the Plaintiff. [Doc. 169-6]. Wood's opinion combines two components: the lost value of the Plaintiff's scholarship and the impact on the Plaintiff's earning capacity. [Id. at 5-10]. Regarding the impact on the Plaintiff's earning capacity, Dr. Wood testified in his deposition that he relied completely on the numbers provided by Caskey. [Doc. 169-8 at 3]. Regarding the lost value of the Plaintiff's scholarship, Dr. Wood relied on information supplied by the Plaintiff and from the Morehead-Cain Foundation website. [Doc. 169-6 at 5-7]. Because the Court has concluded that Caskey's opinions are unreliable, Dr. Wood's opinion about the Plaintiff's earning capacity is also unreliable. To determine the lost value of the scholarship, Dr. Wood added up the value of tuition and summer experiences covered by the scholarship, as reported by the Plaintiff, and performed no other calculations or analysis. [Id. at 7]. Because that addition requires no specialized knowledge, training, or experience, and because Dr. Wood offers

no other relevant opinions, the Court will grant the Defendants' motion to exclude Dr. Wood's opinions.

**B.     Motions to Exclude Bullard and Wernz**

The Plaintiff moves to exclude the Defendants' Title IX expert, Courtney Bullard, and the Defendants move to exclude the Plaintiff's Title IX expert, Jacqueline Wernz.  [Docs. 172, 174].

When "the ultimate issue is whether the University violated Title IX in its treatment of Plaintiff through its disciplinary process," "expert testimony on this issue would supplant the jury's role in evaluating and determining the facts," so an expert "may not testify as to whether the University violated Title IX."  Doe v. Coastal Carolina Univ., No. 4:18-CV-268-SAL, 2021 WL 1651057, at *3 (D.S.C. Mar. 8, 2021).  Nevertheless, "experts can address the standards of care for remedying the problems that Title IX was formulated to address" because "testimony regarding how schools effectively approach Title IX discrimination can be helpful to the jury."  Id.  "In the context of a Title IX case, testimony about industry standards or policies adopted by other institutions to comply with applicable regulations generally does not constitute a legal opinion or conclusion."  Pogorzelska v. VanderCook Coll. of Music, No. 19-CV-05683, 2023 WL 3819025, at *7 (N.D. Ill. June 5, 2023).  As a result, Title IX experts may offer testimony about the relevant standard

6

of care and industry standards or policies adopted by other institutions so long as such testimony is not merely an end-run around the prohibition on expert testimony that merely states a legal conclusion.  Id.; see also Roohbakhsh v. Bd. of Trs. of Neb. State Colls., No. 8:17CV31, 2019 WL 5653448, at *3 (D. Neb. Oct. 31, 2019); Doe v. Wharton Indep. Sch. Dist., No. 2:16-CV-48, 2017 WL 932935, at *1 (S.D. Tex. Mar. 9, 2017).  However, the Court "will not tolerate even a slight deviation by [an] expert into the requirements of Title IX." Portz v. St. Cloud State Univ., 297 F. Supp. 3d 929, 953 (D. Minn. 2018).

The Court has reviewed the arguments raised against the opinions of Bullard and Wernz and concludes that each expert is qualified to offer testimony about Title IX industry standards and the standards of care for handling Title IX complaints based on their specialized knowledge and experience, and that each expert has reliable opinions on those issues that may be helpful to the jury.  Accordingly, the Court will deny the motions to exclude Bullard's and Wernz's opinions.

However, the Court cautions that neither expert will be permitted to testify to her opinion about the presence or absence of gender bias or discrimination based on sex in the Plaintiff's disciplinary proceedings.  Nor

will either expert be permitted to testify as to her opinion about what Title IX requires or as to whether the university complied with Title IX's requirements.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Exclude or Limit the Testimony of Defendants' Expert Courtney Bullard [Doc. 174] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Defendants' Motion to Exclude Opinions of Plaintiff's Expert Jacqueline Wernz and Strike Supplemental Report [Doc. 172] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Exclude Opinions of Plaintiff's Experts Deborah L. Caskey and Dr. Oliver G. Wood, Jr. [Doc. 169] is hereby **GRANTED**.

**IT IS SO ORDERED.**

Signed: March 17, 2026

Martin Reidinger
Chief United States District Judge