| | |
|---|---|
| JACOB DOE,<br><br>         Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al,<br><br>         Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE** |

## Introduction

Defendants have moved to exclude plaintiff-produced audio recordings and transcripts in this Title IX action based on hearsay, lack of authentication, alleged unreliability/inaudibility, best-evidence concerns, and purported consent/wiretap issues. The Federal Rules of Evidence and Fourth Circuit authority favor admission. The recordings are readily authenticated under Rule 901; statements by university officials and individual defendants are non-hearsay party-opponent admissions under Rule 801(d)(2); other statements are admissible for non-hearsay purposes or under established exceptions; transcripts may be used as jury aids within the Court's discretion; Rule 403 balancing favors admission; and federal one-party consent governs in this federal proceeding. Tailored remedies—targeted redactions and

limiting instructions—address any residual concerns without the drastic remedy of exclusion.

## Background/Procedural Posture

Defendants acknowledge the recordings capture conversations between plaintiff's former counsel and UNC-CH staff, including several individual defendants and other UNC-CH affiliates, and that plaintiff produced the audio files with corresponding transcripts. They challenge audibility and transcription accuracy and assert lack of pre-filed affidavits or certifications but identify no evidence of alteration. Even on defendants' account, only "at least two" recordings are partially inaudible to professional reporters, conceding others are sufficiently clear. These objections go to weight, not admissibility, and are addressable with participant/custodian testimony and limiting instructions.

## One-Party Consent and Governing Law

- **Federal law controls admissibility in federal court:** Evidence not obtained in violation of the Constitution or federal law is admissible in federal court. The argument for exclusion based on North Carolina's electronic surveillance statute, N.C. Gen. Stat. § 15A-287, must be rejected because state wiretap law does not govern admissibility in federal court. In any event, the North Carolina statute is essentially the same as the federal statute in that the consent of only one party is required. The controlling principle is well established: "Federal

law governs the admissibility of evidence in federal prosecutions. As a result, evidence obtained in violation of neither the Constitution nor federal law is admissible in federal court proceedings without regard to state law." *Mills v. PPE Casino Resorts Maryland, LLC*, Not Reported in Fed. Supp. 2017, WL 2930460 at Footnote 4. (D. Maryland 2017). See also, *U.S. v. Griffith*, 181 F.3d 92 (4th Cir. 1999) This Fourth Circuit case directly addresses the conflict between Maryland's two-party consent law and federal standards for admissibility. The court held that in federal criminal prosecutions, federal standards govern the admissibility of evidence, making state wiretap laws inapplicable. The court further established that recorded conversations made with the consent of a cooperating government witness do not violate constitutional or federal statutory rights, even if they would violate state law requiring all-party consent.

- Under federal law—specifically 18 U.S.C. § 2511(2)(d) —it is not unlawful to record a conversation with the consent of one party to the conversation, absent a criminal or tortious purpose. When the plaintiff is a party to the conversations being recorded, he is a consenting party, and the recordings therefore comply with federal law. Because the recordings violate neither the Constitution nor federal law, they are admissible in this federal proceeding regardless of any North Carolina two-party consent requirement that might

apply in state court. This eliminates one of the most common grounds for seeking exclusion of recordings made without all parties' knowledge.

**Hearsay Framework and Non-Hearsay Pathways**

- **Party-opponent admissions (FRE 801(d)(2)):** Statements by university officials handling Title IX matters are admissible as non-hearsay when offered against the university if made by an authorized spokesperson (801(d)(2)(C)) or by an employee/agent on a matter within the scope of employment during the relationship (801(d)(2)(D)). If complainants are parties, their recorded statements are admissible against them as their own statements under 801(d)(2)(A).

  University officials who communicate with the plaintiff's counsel about the Title IX matter—whether they are Title IX coordinators, deans, provosts, or other administrators—are quintessential agents of the university within the scope of their employment. Their statements made during those conversations, when offered against the university defendant, are not hearsay at all. In *Nyack v. Southern Conn. State University*, 424 F.Supp.2d 370, 375 (D. Connecticut 2006), a court held in a civil rights and employment discrimination case against a state university that statements by campus officials were admissible as vicarious admissions under FRE 801(d)(2)(D), emphasizing that "the authority granted in the agency relationship need not

include authority to make damaging statements, but simply the authority to take action about which the statements relate." This is highly significant: the university cannot argue that its Title IX coordinator or other official lacked authority to make the recorded statements because those statements may be unfavorable to the university.

University officials handling Title IX matters satisfy the standard for party-opponent admissions. Their role exists specifically to handle Title IX complaints and related communications—the subject matter of the conversations at issue. That means the recordings are not hearsay, and the exclusion of non-hearsay evidence has no legal basis.

In *Fox v. Pittsburgh State University*, 257 F.Supp.3d 1112 (D. Kansas 2017), the court in a Title IX and Title VII case admitted an audio recording of a meeting between the plaintiff and the university's Director of Equal Opportunity, finding it was properly admitted as a party admission by the Director and for impeachment of her testimony denying she had acknowledged the plaintiff was subjected to sexual harassment. This case confirms the use of such recordings in the Title IX context.

- **Impeachment and non-hearsay purposes:** Even if a declarant is not a party, recorded statements can be used to impeach if they testify inconsistently at

trial and may be admitted for non-hearsay purposes (e.g., effect on the listener, context, or verbal acts).

- **Multiple hearsay (FRE 805):** Each layer must independently satisfy a hearsay exclusion/exception. Blanket exclusion of entire recordings is improper; the court should parse statement-by-statement and admit those with a valid pathway (non-hearsay under 801(d)(2), effect on listener, or an exception).

**Authentication and Speaker Identification (FRE 901)**

- **Low threshold for authentication:** FRE 901(a) requires only evidence sufficient to support a finding that the recording is what it is claimed to be. The Fourth Circuit has made clear that courts in this circuit enjoy "wide latitude" in making authentication determinations for audio recordings. As the Fourth Circuit stated in *United States v. Branch*, 970 F.2d 1368, 1372 (4th Cir. 1992), "We have consistently allowed district courts wide latitude in determining if a proponent of tape recordings had laid an adequate foundation from which the jury reasonably could have concluded that the recordings were authentic and, therefore, properly admitted." Plaintiff expects that plaintiff's trial counsel from the university proceedings will adequately authenticate the recordings at trial. The standard of review is abuse of discretion, and error is found only when the foundation for admission is insufficient to insure the

accuracy of the recording. *United States v. Jones*, 730 F.2d 593, 597 (10th Cir. 1984) (quoted in *Branch*, 970 F.2d at 1372). This means that where any legitimate authenticating evidence exists, exclusion is unjustified.

- **Permissible authentication methods:**
  - Witness with knowledge (901(b)(1)): Participant testimony (plaintiff or counsel) that the recording fairly and accurately captures the conversation, including time/place/participants.
  - Voice identification (901(b)(5)): A person familiar with a speaker's voice identifies voices on the recording.
  - Process/system (901(b)(9)): Testimony describing the device/app and showing it reliably produces accurate results; chain-of-custody details and no alterations.
  - Distinctive features (901(b)(4)): Circumstantial corroboration through content (names, roles, case-specific facts) and context supports identity and authenticity.
- **Foundation to address defendants' objections:** Cure the asserted gaps (unknown preparer, timing, method; errors; inaudibility) through participant testimony, device/process description, voice identification, and, if using transcripts as aids, accuracy testimony from a transcriber or a witness who

compared the transcript to the audio. These steps directly address Rule 901 and Rule 104(b) concerns defendants raise.

## Use of Transcripts at Trial

- **Transcripts as jury aids, not evidence:** Defendants argue that transcripts of the audio tapes may be inaccurate. Plaintiff concedes that he had a transcription service transcribe the various tapes for the convenience of the parties. The recordings are the evidence; transcripts may be used as demonstrative guides to help the jury follow along. Courts endorse instructing jurors that the recording, not the transcript, controls and that any discrepancy must be resolved in favor of the recording. In this case, though, the only way Plaintiff intends to use the transcripts is to show to the court what the part of the audio tapes plaintiff wishes to admit into evidence. This is so that there won't be the need to be long bench conferences in which the court listens to the tapes while the jury looks on and wonders what is going on. Plaintiff believes that under some circumstances he could seek the admission of the transcripts as a jury aid only, but, the only intent in this case is to use the transcripts in limited circumstances to make the trial go more quickly.

## FRE 403 Balancing

- **High bar for exclusion; probative value is paramount:** Exclusion under Rule 403 is justified only if unfair prejudice, confusion, or misleading effect

substantially outweighs probative value standard that strongly favors admission. In a Title IX erroneous-outcome case, audio recordings of conversations between the plaintiff, complainants, and university officials are among the most probative evidence possible—they capture in real time what was said, without the distortion of subsequent memory or self-serving reconstruction. There is no category of "unfair prejudice" from admitting recordings of real conversations the university defendant or its officials had. In *United States v. Hagen*, 485 F.Supp.3d 737 (N. D. Texas 2020), the court refused to exclude an audio recording even though the transcript noted "inaudible" over 1,100 times over 170 pages, holding that the occasional inaudibility of the recordings is not "so substantial as to make the rest [of the recordings] more misleading than helpful."

- Any concerns about confusion or misleading the jury are adequately addressed by the well-established judicial tool of cautionary instructions directing the jury to treat the transcripts only as aids and to resolve any discrepancy in favor of the recording—a practice the Fourth Circuit has specifically endorsed. *United States v. Bell*, 711 Fed. Appx. 702 (4th Cir. 2017).

## Conclusion

The plaintiff respectfully requests the Court to admit the audio recordings and allow transcripts to be used as an aid to the Court and parties. Federal law, including the one-party-consent rule, governs admissibility. In any event, North Carolina is in accord. See, e.g., *Everette v. D.O. Briggs Lumber*, 250 NC 688 (1959). The recordings' probative value is extraordinary and not substantially outweighed by any 403 risk, particularly with standard safeguards. Authentication is readily satisfied under Rule 901 through participant testimony, voice identification, process description, and circumstantial corroboration, consistent with Fourth Circuit authority affording wide latitude to trial courts. Any hearsay issues should be resolved statement-by-statement using 801(d)(2) and related non-hearsay purposes, with nested statements handled under Rule 805 rather than by categorical exclusion.

Respectfully, this the 17th day of April, 2026.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
*fdevore@daslawgroup.com*

Plaintiff's Response to Defendants' Motions in Limine p. 10

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorneys for Plaintiff*
*rob@wilderlawgroup.com*

## CERTIFICATION REGARDING AI PLATFORMS

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction ( or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Plaintiff's Response to Defendants' Motions in Limine p. 11

Respectfully, this the 17th day of April, 2026.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
*fdevore@daslawgroup.com*

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorneys for Plaintiff*
*rob@wilderlawgroup.com*

Plaintiff's Response to Defendants' Motions in Limine p. 12

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing pleading was served upon all other parties to this action or their attorneys of record pursuant to Fed. R. Civ. P. 5 and/or by US Postal Service and email as follows:

Alex J. Hagan
P.O. Box 33550
Raleigh, NC 27636
alex.hagan@elliswinters.com

Dixie T. Wells
P.O. Box 2752
Greensboro, North Carolina 27402
dixie.wells@elliswinters.com

Lindsay Vance Smith
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
lsmith@ncdoj.gov

Marla Spector Bowman
123 W. Franklin Street, Suite 600
Chapel Hill, NC 27516
marla_bowman@unc.edu

Respectfully, this the 17th day of April, 2026.

/s/ Fred W. DeVore, III
Fred W. DeVore, III
DAS Law Group
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*
NC State Bar #10308
*Attorney for Plaintiff*
*fdevore@daslawgroup.com*

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
Wilder Law, PLLC
3501 Monroe Road
Charlotte, NC 28205
(704) 342-2243 telephone
NC State Bar #5891
*Attorneys for Plaintiff*
*rob@wilderlawgroup.com*

Plaintiff's Response to Defendants' Motions in Limine p. 13